Argued and submitted October 18, award of prejudgment interest vacated; otherwise affirmed December 20, 1989

CROWD MANAGEMENT SERVICES, INC.,
*Respondent,*

*v.*

FINLEY,
*Appellant.*

(A8710-06077; CA A51302)

784 P2d 104

William M. Parker, Portland, argued the cause and filed the brief for appellant.

Claudia M. Larkins, Portland, argued the cause for respondent. With her on the brief were Robert D. Newell, and Ragen, Tremaine, Krieger, Schmeer & Neill, Portland.

Before Richardson, Presiding Judge, and Joseph, Chief Judge, and Newman, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

Plaintiff, which provides crowd control at public events, brought this action for breach of fiduciary duty and conversion by acts which occurred in 1987, when defendant was its Portland area manager. The trial judge, sitting without a jury, found for plaintiff on both claims. We vacate the award of prejudgment interest and otherwise affirm.

■ ■ Defendant's first assignment of error is that there was not sufficient evidence to show that he breached any fiduciary duty that he might have had. He had served as plaintiff's manager since 1983 and was plaintiff's agent. They had a fiduciary relationship that obligated him to act on behalf of the principal, *see Jones v. Herr,* 39 Or App 937, 940, 594 P2d 410, *rev den* 287 Or 1 (1979), and he is liable for wrongful acts in that relationship that caused plaintiff injury. *See Reeves v. National Hydraulics Co.,* 53 Or App 639, 644, 632 P2d 1306 (1981). There was evidence from which the court could conclude that defendant acted against plaintiff's interests by directing security guards and supervisors who worked for plaintiff to provide security service through a competing business and by using company information to benefit the competitor.

■ Defendant next argues that, even if he did breach a fiduciary obligation, there was not sufficient evidence to show that his actions caused plaintiff any foreseeable injury resulting in damage. Plaintiff's claim was for general damages arising naturally and necessarily as a result of the injury. *Parker v. Harris Pine Mills, Inc.,* 206 Or 187, 208, 291 P2d 709 (1955). In a setting involving business relations, general damages include the harm that should have been expected as the predictable consequence of the disruption of plaintiff's business. *See Mooney v. Johnson Cattle,* 291 Or 709, 718, 634 P2d 1333 (1981).

■ Plaintiff presented evidence of injuries that were consequences of defendant's working for a competitor while also working for plaintiff. Because defendant diverted personnel, events serviced by plaintiff were understaffed and there were problems with crowd control. Plaintiff's loss of reputation was foreseeable, as were the strained relationships with clients, loss of contracts for previously serviced events and price

reductions that plaintiff had to make in order to sell its service. The evidence was sufficient to support the findings that those injuries occurred.

 Defendant also contends that plaintiff's proof of damages was speculative and cannot support the court's award of $10,000 on its claim for breach of fiduciary duty.[1] Uncertainty as to the extent of injury or the amount of damages that will properly compensate for an injury does not preclude recovery. *Hinish v. Meier & Frank Co.,* 166 Or 482, 506, 113 P2d 438 (1941). In *Sol-o-Lite v. Allen,* 223 Or 80, 93, 353 P2d 843 (1960), the court allowed damages for harm to good will, even though the extent of the injury was not capable of exact proof. Here, plaintiff's loss of reputation and business opportunities amount to harm to good will and, once plaintiff established that defendant caused those injuries, the trier of fact was entitled to determine the appropriate compensation. *Brown v. McCloud,* 96 Or 549, 552, 190 P 578 (1920); *see also Carlson v. Steiner,* 189 Or 255, 265, 220 P2d 100 (1950).

 Defendant challenges the trial court's award of punitive damages on plaintiff's conversion claim. Punitive damages may be awarded in an action for conversion, on the theory of deterrence, when a defendant has acted in wilful disregard of a plaintiff's rights. *Hicks v. Lilly Enterprises,* 45 Or App 211, 216, 608 P2d 186 (1980); *see also Friendship Auto v. Bank of Willamette Valley,* 300 Or 522, 716 P2d 715 (1986); *Lewis v. Devils Lake Rock Crushing Co.,* 274 Or 293, 300, 545 P2d 1374 (1976). Defendant argues that this is not a case in which punitive damages should be granted, because, if there was any conversion, it was not for his benefit, and his actions were not motivated by ill will or malice.

 There was evidence to support a finding that defendant converted plaintiff's money for his own use. Defendant told plaintiff's employes that, if they needed extra money, he would add hours to their payroll checks and share the amount overpaid. He added extra hours to the time of at least three employes. Defendant thereby wilfully converted plaintiff's

---

[1] Defendant argues that it was error to allow testimony as to lost profits, because plaintiff did not plead them. There was no error in allowing the testimony, because it was relevant to show that plaintiff had been injured by defendant's action. No damages were awarded for lost profits.

property without a good faith belief that he was entitled to it.[2] *See Hicks v. Lilly Enterprises, supra,* 45 Or App at 217. His actions demonstrated a deliberate disregard of plaintiff's rights, and punitive damages were recoverable.

 Defendant's final assignment of error is that the trial judge erred in awarding prejudgment interest to plaintiff on its conversion claim. Plaintiff concedes that the award was error, because it did not plead entitlement to prejudgment interest in its complaint.

Award of prejudgment interest vacated; otherwise affirmed.

---

[2] There was no error in admitting rebuttal testimony of the witness Whitman in which he recanted his testimony in plaintiff's case-in-chief about repayment of the converted money. Credibility of the testimony and the weight to be given it were for the trier of fact.