■ JOSEPHINE BURTON, Respondent, v KENNETH KAPLAN, Appellant.—Judgment, Supreme Court, New York County (Carol Huff, J.), entered on May 17, 1991 upon an order of the same court, entered on May 13, 1991, which granted plaintiff's motion for summary judgment and awarded plaintiff the sum of $33,320.83, plus interest, unanimously affirmed, without costs.

Defendant, plaintiff's former counsel, has made no attempt to demonstrate that he was not afforded a full and fair opportunity, in prior disbarment proceedings *(Matter of Kaplan,* 137 AD2d 328, *lv denied* 73 NY2d 907), to litigate the issues of whether he failed to segregate funds which belonged to plaintiff and whether he then misappropriated those funds for his personal use for a period of time. He was therefore properly held to be precluded from relitigating those issues in the within proceeding for, *inter alia,* legal malpractice, conversion and breach of contract *(Allied Chem. v Niagara Mohawk Power Corp.,* 72 NY2d 271, 276, *cert denied* 488 US 1005).

The IAS court properly awarded damages based on the interest which would have been earned on the funds during the period they were misappropriated and properly trebled

that award pursuant to Judiciary Law § 487 (2). Finally, the court properly held that defendant must forfeit the fee retained from the proceedings of the settlement which he had negotiated. An attorney has no right to compensation where he has been discharged for cause *(Teichner v W & J Holsteins,* 64 NY2d 977).

We have reviewed defendant's remaining claims and find that they are without merit. Concur—Ellerin, J. P., Kupferman, Asch and Kassal, JJ.