850 P.2d 1034

**Johnny Y. FOSTER, a/k/a Johnny Foster, Plaintiff–Appellee,**

v.

**Bill LUCE and Sylvia Luce, Individually, and d/b/a Bill Luce Livestock, Defendants–Appellants.**

**No. 13126.**

Court of Appeals of New Mexico.

March 16, 1993.

F. Douglas Moeller, Farmington, for defendants-appellants.

John R. Westerman, Law Offices of John R. Westerman, Chartered, Farmington, for plaintiff-appellee.

## OPINION

DONNELLY, Judge.

Defendants appeal from a judgment awarding Plaintiff compensatory and punitive damages in a tort action which grew out of their purchase of cattle on the Navajo Indian Reservation. We discuss: (1) whether the district court had jurisdiction over a tort claim filed by Plaintiff, a Navajo Indian, against Defendants for alleged wrongful acts which occurred, in part, on the Navajo Indian Reservation; (2) whether the district court erred in ruling that Defendants waived their right to a jury trial; and (3) whether the district court erred in awarding Plaintiff prejudgment interest. Other issues raised in the docketing statement but not briefed are waived. We affirm the judgment entered below.

Defendants, who are non-Indians, purchased cattle from Plaintiff's brother on the Navajo Indian Reservation. The cattle were owned by Plaintiff, who resides off the reservation. Plaintiff filed suit in the San Juan County District Court for damages, alleging that Defendants, in purchasing the cattle and disposing of them, "knew or should have known [the cattle] were stolen."

Defendants filed an answer but failed to make a timely demand for a jury trial, and the district court denied their subsequent request for trial by jury. At the conclusion of the trial, the court awarded Plaintiff $6,093.77 compensatory damages, punitive damages in the amount of $2,135, and prejudgment interest on the compensatory damage award, together with costs.

## I. *JURISDICTIONAL ISSUE*

Defendants contest the jurisdiction of the district court to adjudicate Plaintiff's tort claim involving the alleged wrongful taking of livestock owned by Plaintiff where the facts demonstrated that the

property was acquired by Defendants on the Navajo Indian Reservation. Relying in part upon *Chino v. Chino,* 90 N.M. 203, 561 P.2d 476 (1977), Defendants argue that the state court here was without jurisdiction to adjudicate Plaintiff's claim alleging wrongful conduct on the part of Defendants, because the acts in question occurred on the Navajo Indian Reservation, the exercise of jurisdiction by the state court impermissibly infringes upon tribal sovereignty, and that the acts in question are controlled by tribal law.

Did the district court lack jurisdiction in the present case? We are unpersuaded by Defendants' jurisdictional challenge. In *Chino* our Supreme Court reiterated its recognition of the "infringement test" in order to determine whether a state court has jurisdiction to adjudicate claims involving property held by Indians. The *Chino* Court stated:

In considering [the infringement] test it is helpful to summarize certain criteria to determine whether or not the application of state law would infringe upon the self-government of the Indians. These are the following: (1) whether the parties are Indians or non-Indians, (2) whether the cause of action arose within the Indian reservation, and (3) what is the nature of the interest to be protected.

*Id.* at 206, 561 P.2d at 479.

Applying the test set forth in *Chino* to the facts herein, it is clear that Plaintiff's complaint sought to recover damages for loss of his personal property resulting from Defendants' alleged improper conduct. Nothing in the record before us shows that litigation of this claim in the state court impermissibly infringes upon Navajo tribal sovereignty. *See Three Affiliated Tribes v. Wold Eng'g, P.C.,* 467 U.S. 138, 148, 104 S.Ct. 2267, 2274, 81 L.Ed.2d 113 (1984); *Paiz v. Hughes,* 76 N.M. 562, 564–65, 417 P.2d 51, 52–53 (1966); *Whiting v. Hoffine,* 294 N.W.2d 921, 923–24 (S.D.1980); *see also McCrea v. Busch,* 164 Mont. 442, 524 P.2d 781, 782 (1974) (upholding right of Indian to bring a reservation-based wrongful death action against non-Indian in state court); *Bonnet v. Seekins,* 126 Mont. 24,

243 P.2d 317, 319 (1952) (state court invested with jurisdiction to resolve claim by Indian for lease payments and damages to trust land located on Blackfoot Reservation).

In *Three Affiliated Tribes,* the United States Supreme Court upheld the right of a federally-recognized Indian Tribe to pursue a civil action in state court against a non-Indian for a claim which arose from an injury that occurred on an Indian Reservation. The Court held that the exercise of state jurisdiction was not inconsistent with federal law or tribal interests, and:

Despite respondent's arguments, we fail to see how the exercise of state-court jurisdiction in this case would interfere with the right of tribal Indians to govern themselves under their own laws.... This Court ... repeatedly has approved the exercise of jurisdiction by state courts over claims by Indians against non-Indians, even when those claims arose in Indian country. See *McClanahan v. Arizona State Tax Comm'n,* 411 U.S. [164], at 173 [93 S.Ct. 1257, at 1262, 36 L.Ed.2d 129] [ (1973) ] (dictum); *Poafpybitty v. Skelly Oil Co.,* 390 U.S. 365 [88 S.Ct. 982, 19 L.Ed.2d 1238] (1968); *Williams v. Lee,* 358 U.S. [217], at 219 [79 S.Ct. 269, at 270, 3 L.Ed.2d 251] [ (1959) ] (dictum); *United States v. Candelaria,* 271 U.S. 432, 444 [46 S.Ct. 561, 563, 70 L.Ed. 1023] (1926); *Felix v. Patrick,* 145 U.S. 317, 332 [12 S.Ct. 862, 867, 36 L.Ed. 719] (1892); *Fellows v. Blacksmith,* [60 U.S. (19 How.) 366, 15 L.Ed. 684] (1857).

*Three Affiliated Tribes,* 467 U.S. at 148, 104 S.Ct. at 2274.

Consistent with the above authorities, we conclude that the district court in the instant case was invested with jurisdiction over the subject matter to adjudicate Plaintiff's claims.

## II. *RIGHT TO JURY TRIAL*

■ Defendants contend that the district court erred in finding that they were not entitled to a jury trial in the instant case. We disagree. As shown by the record, Defendants failed to file a timely request

**334**

for a jury trial. Under SCRA 1986, 1-038(A) (Repl.1992), a party may file a demand for trial by jury upon any issue properly triable by jury, "by serving upon the other parties a demand therefor in writing after the commencement of the action and not later than ten (10) days after service of the last pleading directed to such issue."

Plaintiff's complaint was filed on February 8, 1990, and Defendants' answer was filed on February 13, 1990; however, their demand for a jury trial was not filed until April 4, 1990, more than ten days after the filing of their answer. Defendants argue, however, that their failure to exercise a demand for a jury trial resulted from the lack of clarity in Plaintiff's complaint as to the nature of the action, and that the complaint failed to give fair notice that Plaintiff's complaint sounded in tort. Specifically, Defendants contend that Plaintiff's references in the complaint to "[Sections] 77-9-1 et seq. N.M.S.A.1978 Ann.", led them to assume that the action filed by Plaintiff was a special statutory cause of action. Defendants also assert that it was only after the time for requesting a jury had elapsed, and Plaintiff responded to their motion for summary judgment, that they became aware that Plaintiff's complaint purported to set forth an action in tort.

Plaintiff's complaint contains the heading, "COMPLAINT FOR MONEY DAMAGES," and alleges that Defendants "purchased 17 head of cattle from Timothy Foster"; that the "cattle were owned by Plaintiff and carried his brand"; that the cattle were not owned by the seller and "this fact was known by Defendants or should have been known by them in [the] exercise of due care"; and that "the actions of Defendants in purchasing cattle that they knew or should have known were stolen was done recklessly, intentionally and wantonly and contrary to [Sections] 77-9-1 et seq. N.M.S.A.1978 Ann." Article 9 of Chapter 77, entitled "Brands, Ownership, Transportation and Sale of Animals," does not provide for a private cause of action.

Although the complaint did not specifically utilize words stating that Defendants' conduct constituted a wrongful conversion of Plaintiff's cattle, we think the language of Plaintiff's complaint was sufficient to fairly give notice to Defendants that the action against them sounded in tort and alleged matters which, if factually proven, would establish the tortious conversion of Plaintiff's property. *Cf. Lewis v. Ehrlich,* 20 Ariz.App. 363, 365, 513 P.2d 153, 155 (1973) (wrongful sale of horse belonging to another may constitute conversion).

### III. *AWARD OF PREJUDGMENT INTEREST*

■ Defendants' final argument asserts that, although prejudgment interest may be awarded in the discretion of the court, *see* NMSA 1978, § 56-8-4(B) (Repl.1986), the district court erred in awarding Plaintiff prejudgment interest here, because the complaint failed to specifically contain a request for such relief, although both parties addressed the matter in their requested findings and conclusions.

The issue of whether prejudgment interest may be awarded to a prevailing party, absent a specific request for such relief having been set forth in the pleadings, has not been decided by the appellate courts in New Mexico. Courts in other jurisdictions which have considered this question have reached conflicting results. *See, e.g., Civil Rights Div. v. Superior Court,* 146 Ariz. 419, 426, 706 P.2d 745, 752 (Ariz.Ct.App. 1985) (under Rule of Civil Procedure 54(d), a party is entitled to recover prejudgment interest "even though not specifically requested in its complaint"); *Fitzgerald v. Critchfield,* 744 P.2d 301, 304 (Utah Ct. App.1987) (successful plaintiff was entitled to recover prejudgment interest notwithstanding failure to specifically plead such request). *But see Crowd Management Servs., Inc. v. Finley,* 99 Or.App. 688, 784 P.2d 104, 107 (1989) (party seeking award of prejudgment interest must plead entitlement to such relief).

SCRA 1986, 1-054(D) (Repl.1992), provides:

**Demand for judgment.** A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment. Except

as to a party against whom a judgment is entered by default, *every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings.* [Emphasis added.]

Our SCRA 1–054(D) is identical to Rule 54(c) of the Federal Rules of Civil Procedure.

As observed by 10 Charles A. Wright et al., *Federal Practice and Procedure: Civil 2d* Section 2664, at 162–63 (1983): "Rule 54(c) functions to permit the court to award prejudgment interest, as provided under the otherwise applicable law, even when not explicitly sought in the complaint. [Although there is authority holding otherwise], the weight of authority is to the contrary and seems sounder." (Footnote omitted.)

Consistent with the majority rule interpreting this rule, we conclude that the district court may grant an award of prejudgment interest even if the party entitled to recover has not included a demand for such relief in his pleadings. *See State ex rel. Newsome v. Alarid*, 90 N.M. 790, 798–99, 568 P.2d 1236, 1244–45 (1977) ("New Mexico ... clearly allows any appropriate relief to be granted in a case regardless of what is specifically requested in the pleadings.").

### CONCLUSION

The judgment of the district court is affirmed.

IT IS SO ORDERED.

HARTZ and FLORES, JJ., concur.