874 P.2d 1266

**Gilles DELISLE, Plaintiff–Appellee,**

v.

**Anthony F. AVALLONE and Law Systems of Las Cruces, P.A., Defendants–Appellants.**

**No. 13652.**

Court of Appeals of New Mexico.

Jan. 27, 1994.

Certiorari Denied May 5, 1994.

Kyle Gesswein and Robert (Tito) Meyer, Bates Law Firm, Las Cruces, for plaintiff-appellee.

**604**

Anthony F. Avallone and Thomas R. Figart, Law Systems of Las Cruces, P.A., Las Cruces, for defendants-appellants.

## OPINION

MINZNER, Chief Judge.

Defendant Anthony F. Avallone (Attorney) appeals the district court's decision granting Plaintiff Gilles DeLisle (Client) partial summary judgment and the jury's verdict awarding him damages in an action for legal malpractice. On appeal, Attorney contends (1) Client failed to prove the damages awarded by the jury; (2) the district court erred in applying the doctrine of collateral estoppel; (3) there were genuine issues of material fact regarding intervening causes of Client's damages; (4) arbitration should have been ordered; and (5) the district court erred in awarding prejudgment interest. We affirm.

*FACTS*

Client retained Attorney for the purpose of exercising a right of redemption of a mortgage. In a prior proceeding, the district court found that Client had failed to file a timely petition to redeem property, following a special master's sale of the realty, and the court then dismissed the petition for redemption. Client filed a motion for rehearing, contending that the district court erred in determining that there was substantial evidence to support the finding that the petition to redeem was not tendered in a timely fashion, which the district court denied. Client appealed from the district court's decision dismissing his petition for redemption, and we affirmed the district court in an unpublished memorandum opinion, *Martin v. McMillen*, No. 11,200 (N.M.Ct.App. Mar. 30, 1989).

Client then sued Attorney for malpractice. Client moved for summary judgment, contending that there was no genuine issue of material fact regarding Attorney's negligence. The district court granted partial summary judgment on the issue of the petition's timeliness, but reserved the issues of negligence and damages for a later hearing

(hereinafter March order). Attorney filed an application for interlocutory review, which this Court denied.

Attorney then filed a motion to compel the discovery of information that he alleged would support his theory that an intervening event caused the petition's untimeliness. Client filed two motions in response. After a hearing on these motions, the district court entered an order (hereinafter September order) that precluded the jury from hearing any evidence on the issue of Attorney's negligence. The court also entered findings of fact and conclusions of law and determined that there was no triable issue regarding Attorney's negligence in that he breached his duty to act as a reasonably competent attorney. The district court found that Attorney's negligence was established by the untimely filing of the petition for redemption and the untimely tender of the funds to redeem. Additionally, the court found that Attorney's negligence was the proximate cause of Client's damages as a matter of law. The cause was set for a jury trial on the issue of damages.

At trial, Client testified that he expected a profit of at least $43,500 when he resold the property approximately one year after redemption. He calculated the expected profit by subtracting reasonable costs, including the $41,729.97 redemption amount, from the lowest reasonably probable sale price. James Roggow, an attorney-member of the profit-sharing trust that had held a mortgage on the property and purchased the property at the special master's sale, testified to the value of the property one year before the foreclosure and to the profit it had made on resale, which was $29,435.80, without having made the repairs Client intended to make.

The jury awarded Client the sum of $43,500. The district court entered judgment for that sum plus prejudgment interest from the date the complaint was filed.

We first address the issues relating to the decision granting Client summary judgment. These include the issues of whether the doctrine of collateral estoppel applies; if so,

whether the district court correctly applied it; and whether Client was entitled to partial summary judgment because Attorney's negligence and the requisite causal connection between his negligence and Client's damages could be determined as a matter of law. These questions are the second and third issues raised on appeal.

*SUMMARY JUDGMENT/ATTORNEY'S LIABILITY*

Attorney construes the September order as a finding that Attorney was collaterally estopped from arguing the issue of his alleged negligence. Reading the two orders in this case together, however, we believe the March order only applied the doctrine of collateral estoppel to the issue of timeliness, and the September order represents a determination that the issue of timeliness is dispositive of the issues of both negligence and proximate cause. We first address the March order.

■ "Collateral estoppel bars relitigation of ultimate facts or issues actually and necessarily decided in a prior suit. Under collateral estoppel, or 'issue preclusion,' the cause of action in the second suit need not be identical with the first suit." *Silva v. State*, 106 N.M. 472, 474, 745 P.2d 380, 382 (1987). The doctrine differs from the doctrine of res judicata in not requiring the identity of prior and subsequent actions. *Id.* However, the doctrine of collateral estoppel has its own unique characteristics: (1) the party against whom collateral estoppel is asserted must have been a party in or in privity with a party to the original action; and (2) the two cases must have concerned the same ultimate issue or fact, which was (a) actually litigated, and (b) necessarily determined in the first suit. In addition, the trial court may determine that "the application of collateral estoppel would be fundamentally unfair and would not further the aim of the doctrine, which is to prevent endless relitigation of issues." *State v. Bishop*, 113 N.M. 732, 734, 832 P.2d 793, 795 (Ct.App.), *cert. denied*, 113 N.M. 690, 831 P.2d 989 (1992). "Fundamental fairness requires that the par-

ty against whom collateral estoppel is asserted be given a full and fair opportunity to litigate." *Id.*

The doctrine of collateral estoppel has been recently clarified and expanded in New Mexico. *See* M.E. Occhialino, *Walden's Civil Procedure in New Mexico* 12–39 to –40 (2d ed. 1988). In *Silva*, the Supreme Court expanded the doctrine by adopting the modern rule of *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979), which permits the "offensive" use of collateral estoppel. *See* Occhialino, *supra*, at 12–40.

The first question in this case is whether Attorney, who had no interest in the subject matter of the redemption proceedings other than as advocate for Client, was in privity with Client in those proceedings. This question is a matter of first impression in New Mexico.

It has been suggested by this Court that a nonparty is in privity with a party sufficiently to invoke collateral estoppel when the nonparty has sufficient control over the course of the litigation. *See Poorbaugh v. Mullen*, 96 N.M. 598, 601–02, 633 P.2d 706, 709–10 (Ct.App.1981) (quoting 1B James W. Moore et al., *Moore's Federal Practice* ¶ 0.411[6], at 1552, 1564–66 (2d ed. 1980)). A "person who is not a party to an action but who controls or substantially participates in the control of the presentation on behalf of a party is bound by the determination of issues decided as though he were a party." 1 *Restatement (Second) of Judgments* § 39, at 382 (1980). Other courts have said that a nonparty may be bound by collateral estoppel if it "had a sufficient interest and participated in the prior action." *United States v. ITT Rayonier, Inc.*, 627 F.2d 996, 1003 (9th Cir.1980) (citing *Montana v. United States*, 440 U.S. 147, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979)).

■ The sufficiency of a nonparty's control over litigation is a question of fact. *Poorbaugh*, 96 N.M. at 602, 633 P.2d at 710; *see also Silva*, 106 N.M. at 476, 745 P.2d at 384 ("In deciding whether to apply the doc-

trine of collateral estoppel, the threshold issues of fact are for the [trial] court to resolve."). As the party requesting invocation of collateral estoppel, it was Client's burden "to introduce sufficient evidence for the [district] court to rule whether the doctrine is applicable." *Silva,* 106 N.M. at 476, 745 P.2d at 384. "When the movant has made a prima facie showing, the trial court must consider the countervailing equities including, but not limited to, prior incentive for vigorous defense, inconsistencies, procedural opportunities, and inconvenience of forum...." *Id.; see Parklane Hosiery Co.,* 439 U.S. at 329–30, 99 S.Ct. at 650–51.

In this case, Client met his initial burden of proving that Attorney had sufficient control over the prior case. It is undisputed that Attorney was Client's attorney of record in the original case. *See Resolution Trust Corp. v. Barnhart,* 116 N.M. 384, 388, 862 P.2d 1243, 1247 (Ct.App.) (in malpractice action against attorney, plaintiff has burden of proving, inter alia, the existence of attorney-client relationship), *cert. denied,* 116 N.M. 364, 862 P.2d 1223 (1993).

■ In this case, the factual matters to be decided in the litigation related to the conduct of Attorney himself. Further, Attorney was motivated to prevail in the redemption action because dismissal of the action based on an untimely filing could, and ultimately did, subject him to a malpractice claim. We therefore agree with Client that Attorney's interest in the outcome of the redemption hearing and his control over the course of the representation were sufficient to make a prima facie case that Attorney was in privity with Client for purposes of relying on the doctrine of collateral estoppel with respect to facts litigated in the prior proceeding.

■ In addition to the privity requirement, a party against whom collateral estoppel is asserted must have had a full and fair opportunity to litigate the pertinent issue. As we understand *Silva,* once the party asserting collateral estoppel has made a prima facie case, then the party opposing collateral estoppel may raise the issue of whether there was a full and fair opportunity to litigate. If the party opposing estoppel does not raise the fairness issue, however, then there is nothing that the district court needs to resolve on that point. This makes sense since the party opposing estoppel would ordinarily be in the better position to know if there were grounds showing unfairness. Thus, the party against whom estoppel is asserted must show that he or she was not afforded a full and fair opportunity to litigate. *Silva,* 106 N.M. at 474, 745 P.2d at 382.

■ Although estoppel will not be applied when the estopped party did not have a full and fair opportunity to litigate the matter, proving a full and fair opportunity is not part of the prima facie case of the party seeking to apply estoppel. Because Attorney did not claim absence of a full and fair opportunity, the issue was not preserved in the proceedings below. *Burton v. Kaplan,* 184 A.D.2d 408, 585 N.Y.S.2d 359, 360 (1992).

We note that this is not a case where the record is insufficient to determine whether the timeliness issue was actually litigated and necessarily determined. *Cf. id.* In fact, this case did not compel the district court, nor does it compel this Court, to look at the whole record of the redemption hearing. A review of our memorandum opinion in *Martin,* by itself, shows that the timeliness issue was actually litigated and necessarily determined.

We realize that there may be occasions in which binding an attorney to a decision made by a court during the course of the attorney's representation would be inappropriate. However, we are not presented with such a case here. We therefore affirm the district court's application of collateral estoppel to Attorney on the issue of the timeliness of the redemption petition.

*SEPTEMBER ORDER*

■ Ultimately, the district court granted Client's motion for summary judgment on all issues of fact going to Attorney's negligence except for the issue of damages.

As the party requesting summary judgment, Client bore the burden of showing that no genuine issue of material fact existed. *Hyden v. Law Firm of McCormick, Forbes, Caraway & Tabor*, 115 N.M. 159, 163, 848 P.2d 1086, 1090 (Ct.App.), *cert. denied*, 115 N.M. 60, 846 P.2d 1069 (1993); *Savinsky v. Bromley Group, Ltd.*, 106 N.M. 175, 176, 740 P.2d 1159, 1160 (Ct.App.), *cert. denied*, 106 N.M. 174, 740 P.2d 1158 (1987). "The movant need only make a prima facie showing that he is entitled to summary judgment." *Savinsky*, 106 N.M. at 176, 740 P.2d at 1160 (citing *Koenig v. Perez*, 104 N.M. 664, 726 P.2d 341 (1986)). He need not show beyond all possibility that a genuine issue of fact does not exist. *Id.* (citing *Goodman v. Brock*, 83 N.M. 789, 498 P.2d 676 (1972)). Once that burden is met, the party opposing summary judgment must come forward with admissible evidence that raises at least a reasonable doubt as to the existence of a genuine issue of fact. *Id.* We look to the whole record and take note of any evidence that puts a material fact in issue. *Hyden*, 115 N.M. at 163, 848 P.2d at 1090. We view the matters presented in the light most favorable to support the right to trial on the issues. *Id.*

Client argued that Attorney's untimeliness, by itself, entitled Client to summary judgment. The fact that an attorney missed a filing deadline is not dispositive. *See George v. Caton*, 93 N.M. 370, 377, 600 P.2d 822, 829 (Ct.App.), *cert. quashed*, 93 N.M. 172, 598 P.2d 215 (1979). In *George* we held that a genuine issue of material fact existed regarding the negligence of two attorneys, even though it was undisputed that a filing deadline had been missed. *Id.* 93 N.M. at 377–78, 600 P.2d at 829–30. The lawyers in that case had not commenced an action within the statutory period of limitations because they mistakenly believed that no attorney-client relationship existed between them and the party who wished to file the action. *Id.* at 377, 600 P.2d at 829. The district court agreed with the lawyers that they had no attorney-client relationship, but we did not; in fact, we considered the lawyers' argument "untenable." *Id.* at 375, 600 P.2d at 827.

Notwithstanding our disagreement with the lawyers in *George* that an attorney-client relationship existed, we held that an issue of fact remained regarding their negligence in failing to commence the action in a timely fashion. We recognized that "a lawyer is not liable for every mistake that may occur in practice." *Id.* at 377, 600 P.2d at 829.

▮ Attorney argues that Client's failure to present expert testimony on the issue of Attorney's alleged negligence precluded summary judgment. We disagree. Expert testimony is not necessary when the only question to be answered by a jury is whether an attorney, who knew that a filing time limit would soon expire and thus extinguish his client's rights, did nothing to protect his client's rights. *Id.* See generally 2 Ronald E. Mallen & Jeffrey M. Smith, *Legal Malpractice* § 27.15, at 665–76 (3d ed. 1989 & Pocket Part 1993) (discussing the use of and need for experts in establishing liability for legal malpractice). In such a case, the question of breach of duty can be answered as a matter of law. This is such a case.

▮ The pretrial order contains the following statement, described as an uncontroverted fact: "In accordance with the mortgage, the default judgment declared the redemption period to be 31 days from the date of the Special Master's Sale." That statement is consistent with one of the findings made in the prior foreclosure proceeding. It was repeated in an amended pretrial order. We conclude the parties did not dispute in the present proceeding the date on which the redemption period expired. The parties in effect stipulated that the redemption period ended thirty-one days from the date of the special master's sale as set forth in the mortgage and default judgment. Therefore, expert testimony was not necessary to determine the reasonableness of Attorney's untimely filing for redemption.

▮ In addition, Attorney contends the district court erred in granting partial summary judgment on the issue that his negligence was the proximate cause of Client's

damages, because there were issues of material fact regarding proximate cause. For example, he contends that he submitted the necessary pleadings, together with a cashier's check, to a member of the district court clerk's staff, but the staff member refused to accept the pleadings without a court order. He argues that the pleadings were located in a folder marked with his name at the clerk's office, and thus they had been returned.

The district court's findings and conclusions in the redemption proceeding support a determination that this issue was litigated in the prior proceeding and actually determined against Attorney, as part of the determination that the filing was untimely. In other words, the court determined that the actual filing was untimely and that there had never been a tender that was refused. We take judicial notice of the records on file in this Court. *State v. Powers,* 111 N.M. 10, 12, 800 P.2d 1067, 1069 (Ct.App.), *cert. denied,* 111 N.M. 16, 801 P.2d 86 (1990). In this Court's memorandum opinion, we stated, "DeLisle next argues there is not substantial evidence to support the trial court's finding that the petition to redeem was not tendered to the clerk's office on September 28, 1988...." For the reasons stated in our discussion of the March order, we believe that Attorney was collaterally estopped from contending that the petition to redeem had been tendered to the clerk's office on September 28, 1988. Thus, we conclude that his proximate cause argument based on negligence on the part of one or more members of the district court clerk staff is also foreclosed.

Attorney also argues as a second issue of material fact regarding proximate cause, that the district court was biased in resolving the issue of whether the filing was untimely in the course of the prior foreclosure proceeding. We have difficulty characterizing this argument as truly raising an issue of proximate cause. In any event, Attorney did not provide sufficient evidence of bias to present a triable issue of fact.

## ISSUES ADDRESSED SUMMARILY

### 1. *Damages Award*

Attorney contends that Client failed to prove his damages by competent evidence and that the jury instruction on damages misstated the law. Attorney contends Client was obligated to present evidence that would allow the jury to determine the difference between the fair market value on the date of redemption and the price he would have paid had his tender been timely, and that the district court's instruction was erroneous because it failed to reflect this, the proper measure of damages. Client contends that he was entitled to the benefit of the bargain he lost as a result of Attorney's negligence. The trial court instructed on Client's theory. We are not persuaded that the district court erred. *See Hyden,* 115 N.M. at 165–66, 848 P.2d at 1092–93. We conclude that Attorney's challenge to the evidence Client offered is without merit.

### 2. *Arbitration*

Although Client entered into an agreement with a third party to arbitrate disputes arising out of the assignment of equity of redemption, Attorney was not a party to that agreement. The district court properly refused to allow Attorney to benefit from an agreement to which he was not a party. *See Falcon Tankers, Inc. v. Litton Sys., Inc.,* 300 A.2d 231, 236–37 (Del.Super.Ct.1972); *see also Iser Elec. Co. v. Fossier Builders, Ltd.,* 84 Ill.App.3d 161, 39 Ill.Dec. 686, 689, 405 N.E.2d 439, 442 (1980); *Rae F. Gill, P.C. v. DiGiovanni,* 34 Mass.App.Ct. 498, 612 N.E.2d 1205, 1209 (1993), *review denied,* 415 Mass. 1106, 616 N.E.2d 809 (1993).

### 3. *Prejudgment Interest*

Attorney claims that the district court erred in awarding prejudgment interest because Attorney opposed Client's motion to amend his complaint to include a request for prejudgment interest, and there was not sufficient proof to support the award. We conclude that the district court did not err in awarding prejudgment interest. This Court recently held that New Mexico follows the majority rule allowing the district court to grant prejudgment interest to the entitled party, "even if the party entitled to recover

has not included a demand for such relief in his pleadings." *Foster v. Luce,* 115 N.M. 331, 335, 850 P.2d 1034, 1038 (Ct.App.1993). Hence, it follows that the district court has the discretion to grant a motion to add prejudgment interest to a complaint.

Attorney then asserts that this case does not deal with an open account, there was no express agreement to pay interest, and this is an action in tort rather than in contract, so the award of prejudgment interest had to have been based on NMSA 1978, Section 56–8–4(B) (Repl.1986). Although Client responds that the statute is but one of the options available to the district court for awarding prejudgment interest in this case, we need not look to any other authority because Section 56–8–4(B) grants the court discretion to make the award. Section 56–8–4(B) states:

> The court in its discretion may allow interest of up to ten percent from the date the complaint is served upon the defendant after considering among other things:
>
> (1) if the plaintiff was the cause of unreasonable delay in the adjudication of the plaintiff's claims; and
>
> (2) if the defendant had previously made a reasonable and timely offer of settlement to the plaintiff.

Attorney argues that there was no proof offered by Client at trial, nor were there any findings, that Client presented his claim with reasonable dispatch or that Attorney had not made a reasonable and timely offer of settlement. However, Attorney did not tender such requested findings, and thereby waived findings of fact on these issues. SCRA 1986, 1–052(B)(1)(f) (Repl.1992); *Lukoski v. Sandia Indian Management Co.,* 106 N.M. 664, 665–66, 748 P.2d 507, 508–09 (1988). In the absence of requested findings, Attorney cannot receive a review of the evidence on appeal. *Pedigo v. Valley Mobile Homes, Inc.,* 97 N.M. 795, 798, 643 P.2d 1247, 1250 (Ct.App.1982).

Because Section 56–8–4(B) specifically allows the district court to exercise its discretion in awarding prejudgment interest, absent abuse, the court's decision should be allowed to stand. For a finding of abuse of discretion, an appellant bears the burden of proving that the district court's decision is contrary to all logic and reason. *Sundance Mechanical & Util. Corp. v. Atlas,* 109 N.M. 683, 691, 789 P.2d 1250, 1258 (1990). Attorney has not met that burden.

## CONCLUSION

We affirm the district court's decision granting partial summary judgment on the issue of liability because we conclude that based on the doctrine of collateral estoppel, Plaintiff made a prima facie showing that there were no material issues of fact, and he was entitled to partial summary judgment as a matter of law. We also affirm the jury's decision awarding damages. Finally, we affirm the district court's award of prejudgment interest.

IT IS SO ORDERED.

DONNELLY and HARTZ, JJ., concur.