No. 12589

IN THE SUPREME COURT OF THE STATE OF MONTANA

1974

---

ROBERT McCREA, Administrator of the Estate
of Bradley Arthur McCrea, Deceased,

        Plaintiff and Appellant,

  -vs-

LARRY BUSCH,

        Defendant and Respondent.

---

Appeal from: District Court of the Fourth Judicial District,
            Honorable Jack L. Green, Judge presiding.

Counsel of Record:

    For Appellant:

        Goldman, McChesney and Datsopoulos, Missoula, Montana
        Harold L. McChesney appeared, Missoula, Montana
        R. Anthony Rogers argued, Washington, D. C.

    For Respondent:

        Garlington, Lohn and Robinson, Missoula, Montana
        Larry E. Riley argued, Missoula, Montana

---

                Submitted: April 24, 1974

                   Decided: JUL 17 1974

Filed: JUL 17 1974

*Thomas J. Kearney*
                   Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This appeal is from an order of the district court of the fourth judicial district, county of Lake, dismissing plaintiff's wrongful death action for lack of jurisdiction.

Plaintiff Robert McCrea is a member of the Confederated Salish and Kootenai Tribes of the Flathead Reservation. Defendant Larry Busch is a nonIndian. The alleged wrongful death of plaintiff's sixteen year old son took place on U.S. Highway 93 in Ravalli, Montana which is within the exterior boundaries of the Flathead Reservation.

There is no fact dispute before the Court. The sole issue presented for review is whether the courts of Montana have jurisdiction to accept a civil action for wrongful death resulting from an automobile accident within the exterior boundaries of the Flathead Reservation brought by an enrolled member of the Confederated Salish and Kootenai Tribes against a nonIndian defendant.

The jurisdiction of state courts as it pertains to Indian problems has been placed in issue. Each party argued a different application of the problem and its relation to the jurisdictional question.

Defendant has approached it from the premise that this is an attempted extension of the Montana courts' limited civil jurisdiction over Indians and Indian affairs within the exterior boundaries of the Flathead Reservation. For his principal authority defendant relies on this Court's holding in Security State Bank v. Pierre, _____Mont._____, 511 P.2d 325, 30 St.Rep. 647. That case stands for the principle that Montana courts are limited in the exercise of jurisdiction over Indian affairs when it interferes with their self-government or impairs the rights granted, reserved or preempted by the United States Congress, as interpreted by the United States Supreme Court. The natural result as stated in Pierre was that because of federal limitations the state of Montana was unable to

guarantee equal protection to the nonIndian plaintiff who was attempting to enforce a commercial transaction obligation against an Indian defendant which arose within the exterior boundaries of the Indian reservation controlled by the federal government. This resulted in a recognized and inequitable legal vacuum.

The instant case, however, is just the opposite of _Pierre_ and related cases. Here we are concerned with an Indian person seeking redress in Montana courts against a nonIndian person. Although defendant urges the subject matter to be without the jurisdiction of the Montana courts as an interference with Flathead tribal self-government and impairs a right granted, reserved or preempted by Congress, he offers no citation and it does not appear to this Court to be an invasion of any of the areas protected by the federal government.

Therefore, this case falls within the class of cases that Montana courts must and traditionally have given free access to its courts and equal protection of its laws to all persons. The foundation case is Bonnet v. Seekins, 126 Mont. 24, 243 P.2d 317, relying on Art. III, Sec. 6 of the 1889 Montana Constitution. _Bonnet_ has been recently followed and affirmed in State ex rel. Iron Bear v. District Court, _____Mont._____, 512 P.2d 1292, 30 St. Rep. 482; Bad Horse v. Bad Horse, _____Mont._____, 517 P.2d 893, 31 St.Rep. 22, relying on Art. II, Sec. 16, 1972 Montana Constitution.

This legal distinction that we meet here has been recognized and approved by the federal government as far back as Williams v. Lee, 358 U.S. 217, 3 L ed 2d 251, 79 S.Ct. 269, and as recent as Confederated Salish and Kootenai Tribes v. Moe, _____F.Supp._____, 31 St. Rep. 408.

We have in recent cases cited herein fully discussed all aspects of this jurisdictional problem and since then nothing has changed in the federal sector to warrant burdening this opinion with more than the comments made herein.

The order of the trial court is reversed and the cause remanded for further proceedings.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices.

- 4 -