No. 13025

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

STATE OF MONTANA, ex rel IN THE
MATTER OF THE ADOPTION OF IVAN
FIRECROW, a minor by LEROY RUNSABOVE and
JOSEPHINE RUNSABOVE,

Petitioners,

-vs-

THE DISTRICT COURT OF THE SIXTEENTH JUDICIAL
DISTRICT OF THE STATE OF MONTANA, IN AND FOR
THE COUNTY OF ROSEBUD; and THE HONORABLE
ALFRED B. COATE, JUDGE THEREOF,

Respondents.

---

ORIGINAL PROCEEDING:

Counsel of Record:

For Petitioners:

Lewis E. Brueggemann, argued, Billings, Montana

For Respondents:

Clarence T. Belue argued, Hardin, Montana

---

Submitted: May 14, 1975

Decided: JUN 2 1975

Filed: JUN 2 1975

Thomas J. Kearney
_____
Clerk

Mr. Justice Wesley Castles delivered the Opinion of the Court.

This is a petition for a writ of supervisory control or other appropriate writ seeking relief from an order of the district court of the sixteenth judicial district, Rosebud County, which held the district court had no jurisdiction in this adoption proceeding and ordered the case dismissed.

On August 20, 1974, petitioners Leroy and Josephine Runsabove filed in the district court a petition for the adoption of Ivan Firecrow, a minor child, born May 10, 1965. Consent to the adoption and waiver of further notice, executed by the natural father, was filed with the petition for adoption. Petitioners, the child, and the natural mother are all enrolled members of the Northern Cheyenne Tribe and have resided on the Northern Cheyenne Reservation at all times pertinent to this matter.

Previously, on July 1, 1969, Ivan Firecrow was made a ward of the Northern Cheyenne Tribal Court upon a finding that the natural mother had neglected the child. An order was entered that day giving petitioners temporary custody of the child. They have had custody of the child since that time. On August 30, 1974, the tribal court ordered the natural mother be granted temporary custody of the child for six weeks during the summer months.

Article III, section 2, Revised Law and Order Ordinances of the Northern Cheyenne Tribe of the Northern Cheyenne Reservation, reads, in pertinent part:

> "The Tribal Court of the Northern Cheyenne
> Reservation shall have jurisdiction to hear,
> pass upon, and approve applications for adoptions
> among members of the Northern Cheyenne Tribe.
>
> "Upon proper showing and decision by the court,
> such adoptions shall be binding upon all concerned
> and hereafter only adoptions so approved by the
> Tribal Court shall be recognized."

The district court held a hearing upon the petition for adoption on October 11, 1974. Ivan was present at the hearing, having come from Oregon where he attends school under the auspices of the Morman Church, during the school year. The natural mother objected to the hearing alleging the district court had no jurisdiction to hear and grant the petition for adoption and, that the matter was within the exclusive jurisdiction of the tribal court. Following submission of briefs on the issue of jurisdiction and receipt of an advisory opinion from the appellate court of the Northern Cheyenne Tribe, the district court issued its order holding that it had no jurisdiction over the adoption and ordered the case dismissed.

We are presented with a single issue for review: Whether, upon the facts outlined above, the district court has subject matter jurisdiction over the instant petition for adoption? We hold it does have such jurisdiction.

Montana's statutes regarding adoption are in Chapter 2, Title 61, R.C.M. 1947. Section 61-202 reads:

> "Any child present within this state at the time the petition for adoption is filed, irrespective of place of birth or place of residence, may be adopted."

Section 61-204 reads:

> "Proceedings for adoption must be brought in the district court of the county where the petitioners reside."

The statutes have been complied with. Ivan was within Montana, at home with petitioners during summer vacation when the petition was filed. Petitioners place of residence is the town of Lame Deer, county of Rosebud, state of Montana. While the residence of petitioners and Ivan is within the exterior boundaries of the Northern Cheyenne Reservation, that residence is also within the state of Montana. Organized Village of Kake v. Egan, 369 U.S. 60, 82 S.Ct. 562, 7 L ed 2d 573.

The Northern Cheyenne Tribe is incorporated pursuant to the Wheeler-Howard Act, 25 U.S.C. § 461 et seq. It is organized and existing under a constitution and by-laws ratified by the tribe on November 2, 1935, and approved by the Secretary of the Interior on November 23, 1935. Prior to that time the courts of this state had jurisdiction over adoption matters involving Indians. State ex rel. Iron Bear v. District Court, 162 Mont. 335, 512 P.2d 1292; Bad Horse v. Bad Horse, 163 Mont. 445, 517 P.2d 893, 31 St.Rep. 22.

The jurisdiction of the courts of the state of Montana is not divested by the subsequent, unilateral action of the Northern Cheyenne Tribe in enacting Article III, section 2, of its Revised Law and Order Ordinances, heretofore quoted. Assuming that the tribal court has jurisdiction over adoptions involving Indians, it is a jurisdiction concurrent with that of the district court. It is not an exclusive jurisdiction. The United States Congress has implicitly recognized that state courts have concurrent jurisdiction over adoptions involving Indians in 25 U.S.C. § 372a. The district court having always had jurisdiction over adoptions involving Indians, 25 U.S.C. § 1322 is not applicable.

This Court in Bad Horse v. Bad Horse, 163 Mont. 445, 517 P.2d 893, 895, 31 St.Rep. 22, 25, stated:

> "Enrolled members of Indian tribes within Montana are citizens of the United States and citizens of the state of Montana. An Indian is entitled, as any other citizen, to bring an action in the courts of this state. Art. III, Sec. 6, of the 1889 Montana Constitution (Art. II, Sec. 16 of the 1972 Montana Constitution); Section 83-102, R.C.M. 1947; Bonnet v. Seekins, 126 Mont. 24, 243 P.2d 317."

Compare McCrea v. Busch, 164 Mont. 442, 524 P.2d 781, 31 St.Rep. 551, where an Indian sued a non-Indian in a state court for damages arising out of an accident on a reservation.

Being citizens of the state of Montana, petitioners and Ivan are entitled to the equal protection of the laws. Article II, Section 4, 1972 Montana Constitution. Petitioners are entitled to the use of Montana's court system on a par with other Montana citizens regardless of the fact that they are enrolled members of an Indian tribe and reside within the exterior boundaries of that Indian reservation. Petitioners and Ivan are entitled to the benefit of Montana's adoption statutes, as are all Montana citizens, regardless of the fact they are enrolled members of an Indian tribe and reside within the exterior boundaries of that Indian reservation. To hold that the district court does not have subject matter jurisdiction over this controversy would be to deprive petitioners and Ivan of these rights of citizenship. It would make them something less than full citizens.

The order of the district court is reversed and the matter is remanded for further proceedings consistent with this opinion.

_Wesley Castles_
Justice

We Concur:

_James T. Harrison_
Chief Justice

_John Conway Harrison_

_Frank I. Haswell_

_Gene B. Daly_
Justices.

- 5 -