MR. JUSTICE SHEEHY
delivered the Opinion of the Court.
Lavonne L. Pierce appeals from an order of summary judgment from the District Court, Twentieth Judicial District, Lake County, awarding Geiger the sum of $4,500. We reverse.
Appellant raises the following issue for our review: Do the state courts of Montana have primary subject matter jurisdiction over a debt action arising on an Indian reservation, brought by a resident non-Indian creditor against an enrolled tribal member residing on the reservation?
The record discloses the following pertinent facts.
Pierce is an enrolled member of the Confederated Salish and Kootenai Tribes of the Flathead Reservation. She purchased a mobile home from Geiger, a nontribal member, at Geiger’s place of business in Poison, Montana. A written contract was entered into and all payments were to be made at Poison, Montana. Poison is within the exterior boundaries of the Flathead Reservation and both parties reside there.
On August 28, 1986, Geiger filed a complaint in District Court alleging that Pierce had failed to make the payments on the installment sales contract and owed the plaintiff $4,500.
After Pierce had answered Geiger’s amended complaint, on June 22, 1987, Geiger plaintiff filed a motion for summary judgment. The District Court issued an order granting summary judgment shortly thereafter. On July 23, 1987, Pierce filed her motion to vacate summary judgment claiming for the first time that the District Court lacked jurisdiction over the subject matter of the dispute because she is an enrolled member of the Confederated Salish and Kootenai Tribes. Briefs were submitted by both parties. The District Court found that it had subject matter jurisdiction over the action and denied Pierce’s motion to vacate summary judgment. Pierce appeals from the District Court’s order granting Geiger summary judgment as well as the court’s subsequent denial of Pierce’s motion to vacate the order.
The dispositive issue that we must address is whether the state courts of Montana have primary subject matter jurisdiction over a debt action arising out of transactions on an Indian reservation, brought by a non-Indian creditor against an enrolled tribal member *20 debtor, both of whom reside on the reservation. We find that they do not.
In State ex rel. Iron Bear v. District Court (1973), 162 Mont. 335, 512 P.2d 1292, this Court held:
“Before a district court can assume jurisdiction in any matter submitted to it, it must find subject matter jurisdiction by determining:
“(1) Whether the federal treaties and statutes applicable have preempted state jurisdiction; (2) Whether the exercise of state jurisdiction would interfere with reservation self government; and (3) Whether the Tribal Court is currently exercising jurisdiction or has exercised jurisdiction in such a manner as to preempt state jurisdiction.”
162 Mont. at 346, 512 P.2d at 1299. See also Williams v. Lee (1959), 358 U.S. 217, 79 S.Ct. 269, 3 L.Ed.2d 251; Security State Bank v. Pierre (1973), 162 Mont. 298, 511 P.2d 325; see generally, Milbank Mut. Ins. Co. v. Eagleman (Mont. 1985), [218 Mont. 58,] 705 P.2d 1117, 42 St.Rep. 1393 (the first two elements of the Iron Bear test are disjunctive; if either is present, the state lacks subject matter jurisdiction.)
Generally civil jurisdiction over commercial activities presumptively lies in the tribal courts unless affirmatively limited by a specific treaty, provision or federal statute. Iowa Mutual Ins. Co. v. LaPlante (1987), 480 U.S. 9,_, 107 S.Ct. 971, 978, 94 L.Ed.2d 10, 16. The civil jurisdiction of the tribal court in this matter has not been affirmatively limited by a specific treaty, provision or federal statute. Although the State of Montana has criminal jurisdiction over the Flathead reservation, there has been no consent to assumption by the state of jurisdiction over commercial transactions occurring on that reservation.
In addition, the subject matter of the immediate case is clearly within the pre-emptive jurisdiction assumed by the tribal court of the Confederated Salish and Kootenai Tribes. See Chapter II, Civil Actions, Section 1, Confederated Salish and Kootenai Tribes’ Law and Order Code, Ordinance 36(b) as amended (1982). To find primary state courts jurisdiction over this action would impugn the tribal court’s right to resolve controversies arising out of commercial conduct occurring between Indians and non-Indians within the boundaries of the reservation. Such authority is clearly an important part of tribal sovereignty. See Montana v. United States (1981), 450 U.S. 544, 101 S.Ct. 1245, 67 L.Ed.2d 493, Washington v. Confederated Tribes of Colville Indian Reservation (1980), 447 U.S. 134, 100 *21 S.Ct. 2069, 65 L.Ed.2d 10; Fisher v. District Court (1976), 424 U.S. 382, 96 S.Ct. 943, 47 L.Ed.2d 106.
It is apparent that the exercise of state jurisdiction in the immediate case would interfere with reservation self-government. As we have stated:
“A tribe’s interest in self-government could be implicated in one of two ways. First, if a state or federal court resolves a dispute which was within the province of the tribal courts or of other non-judicial law applying tribal institutions, that court would impinge upon the tribe’s right to adjudicate controversies arising within it. Second, if the dispute itself calls into question the validity or propriety of an act fairly attributable to the tribe as a governmental body, tribal self government is drawn directly into the controversy ....
“We have recognized that the tribal court is generally the exclusive forum for the adjudication of disputes affecting the interests of both Indians and non-Indians which arise on the reservation.”
Milbank, 705 P.2d at 1119, 42 St.Rep. at 1396; citing R.J. Williams Co. v. Fort Belknap Housing Auth. (9th Cir. 1983), 719 F.2d 979, 983-84, cert. den. 472 U.S. 1016, 105 S.Ct. 3476, 87 L.Ed.2d 612 (1985). We therefore conclude that the District Court here lacked subject matter jurisdiction.
However, Geiger contends that Pierce’s failure to raise the state court’s lack of subject matter jurisdiction constitutes a bar to that defense. We disagree.
“. . . It is a fundamental axiom of our legal system that the issue of subject matter jurisdiction may be invoked at any time in the course of a proceeding. Larrivee v. Morigeau (1979), 184 Mont. 187, 192, 602 P.2d 563, 566, cert. den. 445 U.S. 964, 100 S.Ct. 1653, 64 L.Ed.2d 240; Corban v. Corban (1972), 161 Mont. 93, 96, 504 P.2d 985, 987. Furthermore once the issue is raised and a court determines that there is a lack of subject matter jurisdiction, it can take no further action in the case other than to dismiss it. Rule 12(h)(3), M.R.Civ.P.”
In Re Marriage of Lance (Mont. 1984), [213 Mont. 182,] 690 P.2d 979, 981, 41 St.Rep. 2032, 2034.
Although Pierce could have raised the issue of the state court’s lack of subject matter jurisdiction earlier in the proceeding, her failure to do so is not fatal to her claim. We hold that the District Court’s exercise of jurisdiction over this matter, a civil action on a commercial transaction brought by Geiger against Pierce, an enrolled member of the Confederated Salish and Kootenai Tribes, *22 arising within the exterior boundaries of the reservation, interferes with tribal sovereignty and the tribe’s right of self-government. The state court’s jurisdiction over the subject matter was pre-empted by tribal jurisdiction. Accordingly, we reverse the summary judgment granted in the District Court, and direct dismissal of the action upon remittitur.
MR. CHIEF JUSTICE TURNAGE and MR. JUSTICES HARRISON, HUNT and McDONOUGH concur.