No. 90-346

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

ROBERT C. EMERSON,

        Plaintiff and Appellant,

  -v-

TERRY L. BOYD, d/b/a BOYD BROTHERS TRUCKING,

        Defendant and Respondent.

FILED

FEB 14 1991

Ed Smith

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Fifteenth Judicial District,
In and for the County of Roosevelt,
The Honorable M. James Sorte, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Robert G. Olson; Frisbee, Moore, Stufft & Olson; Cut
Bank, Montana

      For Respondent:

          Mary L. Zemyan, Wolf Point, Montana

Submitted on Briefs:  November 1, 1990

Decided:  February 14, 1991

Filed:

_____
             Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

Robert C. Emerson, plaintiff, sued Terry L. Boyd, defendant, for breach of contract in the District Court for the Fifteenth Judicial District, Roosevelt County. Plaintiff secured a default judgment against defendant for $12,849.04, plus costs of $99.90. Plaintiff levied execution upon defendant's bank account. Upon motion the District Court concluded that the civil jurisdiction of the case had been preempted by the Tribe's exercise of jurisdiction. The District Court vacated the default judgment and directed the return to the defendant of any monies collected through execution. Plaintiff appeals. We affirm.

The issue is whether the Montana District Court may assume jurisdiction in this contract claim.

The initial question is whether the action arose on the Indian reservation. In determining the location of a contract dispute, we hereby adopt the following language of the Ninth Circuit in R.J. Williams Co. v. Fort Belknap Housing Auth. (9th Cir. 1983), 719 F.2d 979:

> Generally courts look to (1) the place of contracting, (2) the place of negotiation of the contract, (3) the place of performance, (4) the location of the subject matter of the contract, and (5) the place of residence of the parties, evaluating each factor according to its relative importance with respect to the dispute. Restatement (Second) of Conflict of Laws § 188(2) (1971).

Both plaintiff and defendant are members of the Fort Peck Tribes, with the defendant residing on reservation, and the plaintiff residing off reservation. Contract negotiations took place over the telephone with defendant located on reservation and

2

plaintiff off reservation. The written contract between the parties was signed on the reservation. The dispatching activities of the trucking company were conducted by the defendant on the reservation. Payments were mailed to a bank off the reservation. Nearly all loads were picked up at points or delivered to points out of state or in Montana outside the exterior boundaries of the reservation. We conclude the activities occuring on the reservation are sufficiently substantial to establish that the contract dispute arose on the reservation.

Before a Montana District Court can assume civil jurisdiction in an action which arose on a reservation to which an Indian is a party, the Montana court must apply the three-prong test of Iron Bear v. District Court (1973), 162 Mont. 335, 346, 512 P.2d 1292, 1299. We are not concerned with the first two prongs of the test as there are no federal treaties or statutes which have preempted state jurisdiction, and there is no claimed interference with tribal self-government. This leaves the third prong: whether the Tribal Court is currently exercising jurisdiction or has exercised jurisdiction in such a manner as to preempt state jurisdiction.

The Fort Peck Indian Tribes have affirmatively assumed civil jurisdiction over actions where one of the parties is an Indian who resides on the Fort Peck Reservation. Subchapter 1, § 107, Fort Peck Tribes Comprehensive Code of Justice (1983). We conclude that the Fort Peck Indian Tribes have assumed civil jurisdiction over contract disputes which arose on the reservation and that the third prong of the Iron Bear test has been met. As a result Montana is

3

prevented from assuming jurisdiction. We affirm the District Court.

/s/ _____
Justice

We Concur:

/s/ J. A. Turnage
Chief Justice

/s/ John Conway Harrison

/s/ William E. Hunt Sr.

/s/ R. C. McDonough

/s/ John C. Sheehy

/s/ Diane G. Barz
Justices

4