No. 94-172

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

MAURICE LAMBERT and MARCHELLE LAMBERT,

      Plaintiffs and Appellants,

   v.

SIGMOND RYOZIK, a/k/a SIGMUND RYDZIK,
BOB BOROWSKI, and BOROWSKI HOLDINGS, LTD.,

      Defendants and Respondents.

APPEAL FROM: District Court of the Fifteenth Judicial District,
In and for the County of Roosevelt,
The Honorable M. James Sorte, Judge presiding.

OF RECORD:

    For Appellants:

        William P. Fitzgerald, Lynaugh, Fitzgerald,
Eiselein & Eakin, Billings, Montana

    For Respondents:

        Laura Christoffersen and Matthew W. Knierim,
Christoffersen & Knierim, Glasgow, Montana

        Robert Hurly, Attorney at Law,
Glasgow, Montana

**FILED**

Filed: DEC 06 1994

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs: October 13, 1994

Decided: December 6, 1994

_____
Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

Appellants Maurice and Marshelle Lambert appeal from an order of the Fifteenth Judicial District Court, Roosevelt County, dismissing their civil action for lack of jurisdiction.

We reverse and remand to the District Court.

We state the issue as follows:

Did the District Court err by dismissing for lack of subject matter jurisdiction a civil action resulting from an automobile accident within the exterior boundaries of the Fort Peck Reservation brought by enrolled members of the Fort Peck Tribe against non-Indian defendants?

This action arose from an automobile accident which occurred within the exterior boundaries of the Fort Peck Indian Reservation. Appellants are enrolled members of the Fort Peck Tribe residing on the Fort Peck Reservation. Respondents are Canadian citizens.

On February 13, 1987, appellants filed a complaint in the Fifteenth Judicial District Court alleging injuries sustained in an automobile accident with respondents within the exterior boundaries of the Fort Peck Reservation. On May 14, 1993, respondents filed a motion to dismiss for lack of subject matter jurisdiction. On February 25, '1994, seven years after assuming jurisdiction, the District Court dismissed the action for lack of subject matter jurisdiction. Appellants appeal.

We review a district court's conclusions of law to determine whether the district court's interpretation of the law was correct. In re Marriage of Schara (Mont. 1994), 878 P.2d 908, 910,

2

51 St. Rep. 676, 677; In re Marriage of Barnard (1994), 264 Mont. 103, 106, 870 P.2d 91, 93 (citing In re Marriage of Burris (1993), 258 Mont. 265, 269, 852 P.2d 616, 619).

In granting respondents' motion to dismiss, the District Court relied on Emerson v. Boyd (1990), 247 Mont. 241, 805 P.2d 587. In Emerson, the plaintiff secured a default judgment after filing a breach of contract action in district court against an Indian defendant who resided on the Fort Peck Reservation. The district court vacated the judgment on defendant's motion concluding that the jurisdiction of the tribal court pre-empted the jurisdiction of the district court. We affirmed and held that before a Montana Court assumes jurisdiction in an action arising on a reservation to which an Indian is a party, it must apply the three-prong test of Iron Bear v. District Court (1973), 162 Mont. 335, 346, 512 P.2d 1292, 1299. The court must determine:

1. Whether federal treaties or statutes exist preempting state jurisdiction;

2. Whether there is interference with tribal self-government; and

3. Whether the tribal court exercised jurisdiction or has exercised jurisdiction in a manner sufficient to preempt state jurisdiction. We concluded that the third prong of the Iron Bear test had been met, and as a result, the district court was prevented from assuming jurisdiction. Applying Emerson to the present case, the District Court concluded that the Tribal Court of the Fort Peck Reservation had exercised jurisdiction over the

3

matter pursuant to its Comprehensive Code of Justice sufficient to preempt the jurisdiction of the District Court. We do not agree with that conclusion.

The present case is distinguishable from·_Emerson_. In _Emerson_, an Indian defendant sought to exercise his right under the Fort Peck Comprehensive Code of Justice to have a claim against him litigated in a tribal court which had exercised jurisdiction over such matters sufficient to preempt state court jurisdiction. We recognized and addressed the threat to tribal sovereignty and self-government inherent in forcing an Indian defendant in a civil action arising on a reservation to defend him or herself in a state court when the tribal court had previously exercised jurisdiction over· such matters. By contrast, the Indians in the present case are the plaintiffs seeking to exercise their constitutional right as citizens of Montana to invoke the jurisdiction of the district court to litigate a claim against non-Indian defendants for injuries sustained on the reservation. We do not find a threat to tribal sovereignty and self-government when Indian plaintiffs choose to invoke the jurisdiction of the district court, rather than tribal court, to litigate a claim against a non-Indian for injuries arising on a reservation.

We have repeatedly affirmed the right of Indian plaintiffs to sue non-Indians in state court as a right guaranteed to all Montana citizens under Article II, Section 16, of the Montana Constitution. McCrea v. Busch (1974), 164 Mont. 442, 524 P.2d 761; Bad Horse v. Bad Horse (1974), 163 Mont. 445, 517 P.2d 893; Iron Bear; Bonnet v.

4

Seekins (1952), 126 Mont. 24, 243 P.2d 317.  Enrolled members of Indian tribes within Montana are citizens of Montana, and therefore, are entitled to bring actions in state court against non-Indian defendants.  Bad Horse, 517 P.2d at 895.  Failure to recognize this right would deprive an Indian plaintiff of due process under Article II, Section 17, of the Montana Constitution, and equal protection of the law under Article II, Section 4, of the Montana Constitution.  There is nothing in Emerson to suggest such a result.

We hold that the District Court erred by dismissing for lack of subject matter jurisdiction a civil action resulting from an automobile accident within the exterior boundaries of the Fort Peck Reservation brought by enrolled members of the Fort Peck Tribe against non-Indian defendants.

Reversed and remanded for further proceedings in accordance with this opinion.

_____
                Justice

We concur:

_____

_____

_Kaula M. Gray_

_[signature]_

Justices