OPINION & ORDER
BRIEF FACT OVERVIEW
This matter is a civil action dispute which involves the custody of a non-Indian minor. The parties can be identified as follows:
1. Respondents/Appellants are the natural parents of the minor child. Appellant, Lanette Trottier, is a member of the Turtle Mountain Band of Chippe *166 wa Indians. Appellant, Andrew Hol-lom, Sr., is a non-Indian person.
2. Petitioner/Appellee is a non-Indian person residing on the Fort Peck Indian Reservation. She is legal guardian of the minor child.
3. The minor child, A.H., is of Indian descent and qualifies for IHS benefits,-. '
All parties reside on the Fort Peck Indian Reservation.
The Petition is brought prior to a final judgment order in the case.
Appeal Issue: Whether the Tribal Court has jurisdiction.
Opinion & Order: Tribal Court has jurisdiction in this matter. The matter is remanded to Tribal Court for final disposition.
The issue in this case is substantially similar to the issue presented in Appeal Cause No. 441 of this Court, being Haleena Duncan, Petitioner/Appellee v. Terry L. Ross, Respondent/Appellant. Since the issue presented is substantially similar, the opinion herein mirrors the opinion issued in Appeal Cause No. 441, except as modified to fit the particular circumstances of this case.
STANDARD OF REVIEW
The question of jurisdiction is a question of law which we review de novo. Title II CCOI 2000 ⅛ 202.
DISCUSSION
First, the matter of jurisdiction in general should be discussed. In federal and state forums, there is a distinction made between subject matter jurisdiction and personal jurisdiction. Subject matter jurisdiction concerns the Court’s power to decide the type of controversy involved. The “failure of subject matter jurisdiction is critical and the lack of it may be raised at anytime during the ... lawsuit by either party ...” 4 Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 1063 (1987).
Personal jurisdiction pertains to the power of the Court over a party’s person, property or thing that is the subject of the suit. Id.
Fort Peck Tribal law combines both elements into one section of law, which provides:
The Court shall have jurisdiction over any action where one party to the action shall be an Indian, or a corporation or entity owned in whole or in substantial part by an Indian or the Tribes or a corporation or entity chartered by the Tribes; and (a) the cause of action arises under the Constitution or laws of the Tribes; or (b) an Indian party to the action resides on the Fort Peck Reservation. II CCOJ § 107.
The Court is, of course, required to comply with the limits placed upon tribal court jurisdiction by federal law and cases.
Here, we need to look no further than the landmark cases of Montana v. United States, 450 U.S. 544, 101 S.Ct. 1245, 67 L.Ed.2d 493 (1981) and Strate v. A-1 Contractors, 520 U.S. 438, 117 S.Ct. 1404, 137 L.Ed.2d 661 (1997).
In state and federal courts, a party’s political classification is generally a matter of personal jurisdiction, but the Strate Court appears to make this element a component of subject matter jurisdiction for purposes of tribal court jurisdiction.
In these cases, the United States Supreme Court held that the inherent sovereign powers of an Indian tribe do not generally extend to the activities of non-Indians, Montana. The same reasoning can be applied: to the inherent powers over non-members, and we do so herein. How *167 ever, there are exceptions to this general rule, as stated in Montana.
The Court has authority to adjudicate this action under the second exception noted in Montana. The Montana Court held that a tribe’s inherent sovereign powers did not extend to non-Indians [and non-members], unless an exception to this general principle was present. The Montana Court said this principle is not an absolute bar to the exercise of jurisdiction [over non-Indians and non-members,] “[t]o be sure, Indian tribes retain inherent power to exercise some forms of civil jurisdiction over non-Indians [and non-members] on their reservations, even on non-Indian fee lands”. Montana, 450 U.S. at 565, 101 S.Ct. 1245, 67 L.Ed.2d 493. The exception to this general rule is that:
1. A tribe may also retain inherent power to exercise civil authority over the conduct of non-Indians [and nonmembers] ... within its reservation when that conduct threatens or has some direct effect on the political integrity, the economic security, or the health or welfare of the tribe. (emphasis and brackets ours)
Montana, 450 U.S. at 564-65, 101 S.Ct. 1245, 67 L.Ed.2d 493.
The Fort Peck Tribal Court has a long and continuous history of asserting civil jurisdiction over Indian persons (members or non-members), who are residing on this reservation, and therefore the political integrity of the Fort Peck Tribes is paramount to this issue. Simply put, the exercise of civil jurisdiction, where one party is Indian, whether member or non-member, over matters occurring on the Fort Peck Indian Reservation,, has a direct effect on the political integrity of the Tribes.
This case can be distinguished from the factual situation in Strate. Although Strate involves a tort occurring on fee lands, it should be confined to its facts since both parties there were non-Indian. The considerations in Strate should not be applied to situations where a party to the suit is an Indian person since tribal interests are implicated.
We need not discuss at length the secondary issues of federal and state jurisdiction within Indian Country. Briefly, Federal Courts would have no jurisdiction in a case such as the one at bar until there has been an exhaustion of tribal remedies. National Farmers Union v. Crow 471 U.S. 845, 105 S.Ct. 2447, 85 L.Ed.2d 818 (1985).
The State of Montana recognizes that tribes are presumed to maintain their inherent tribal sovereignty and jurisdiction over the activities of both Indians and non-Indians on reservation lands. Geiger v. Pierce, 233 Mont. 18, 20, 758 P.2d 279 (1988).
The Montana Supreme Court has determined that before a Montana District Court can assume civil jurisdiction in an action which arises on a reservation to which an Indian is a party, the Court must apply the three-prong test of Iron Bear v. District Court, 162 Mont. 335, 346, 512 P.2d 1292 (1973). Before a state court can assume jurisdiction in any matter submitted to it, it must find subject-matter-jurisdiction by determining: (1) whether the federal treaties and statutes applicable have preempted state jurisdiction; (2) whether the exercise of state jurisdiction would interfere with reservation self-government; and (3) whether the tribal court is currently exercising or has exercised jurisdiction in such a manner as to preempt state jurisdiction. See, also, In re the Marriage of Skillen, 1998 MT 43, 287 Mont. 399, 956 P.2d 1.
State court jurisdiction would interfere with the Assiniboine and Sioux Tribes’ exercise of jurisdiction in this matter since *168 the action involves an Indian party who resides on the Fort Peck Indian Reservation. The Court has historically maintained jurisdiction in such matters. The political integrity of the Tribes is at the heart of maintaining such jurisdiction.
CONCLUSION
The tribal court has jurisdiction in this case.
IT IS NOW, THEREFORE, THE ORDER OF THIS COURT THAT:
The matter is remanded to the Tribal Court for further proceedings thereon.