DA 09-0214

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2010 MT 36

DIANE MORIGEAU, personally and as
Personal Representative of the Estate of
Benjamin F. Morigeau, Sr.,

Plaintiff and Appellant,

v.

DAVID GORMAN, M.D., NORTHWEST
HEALTHCARE CORPORATION, a Montana
Corporation d/b/a POLSON FAMILY
MEDICAL CLINIC, ST. PATRICK HOSPITAL
AND HEALTH SCIENCES CENTER, a
Montana Corporation d/b/a INTERNATIONAL
HEART INSTITUTE OF MONTANA,

Defendants and Appellees.

APPEAL FROM:   District Court of the Eleventh Judicial District,
In and for the County of Flathead, Cause No. DV 06-115(A)
Honorable Ted O. Lympus, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Michael H. Keedy (argued); Henning, Keedy & Lee, Kalispell, Montana

For Appellees:

W. Carl Mendenhall, Reid J. Perkins (argued); Worden Thane, Missoula,
Montana

Argued and Submitted:  January 13, 2010
Decided:   February 19, 2010

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     Diane Morigeau appeals from the February 23, 2009 order of the District Court of the Eleventh Judicial District, Flathead County, dismissing her complaint against the defendants David Gorman, M.D. and Northwest Healthcare Corporation d/b/a Polson Family Medical Clinic.  We reverse and remand for further proceedings.

¶2     The issue on appeal is whether the District Court properly concluded that it lacked jurisdiction over the action.

### PROCEDURAL AND FACTUAL BACKGROUND

¶3     In February, 2006, Diane Morigeau brought suit against Gorman, the Polson Family Medical Clinic and the International Heart Institute alleging medical negligence in the care of her late husband Benjamin Morigeau.  Morigeau's suit included a claim on her own behalf for her husband's wrongful death and a survival claim on behalf of her husband's estate.  The acts of alleged medical negligence occurred in Polson, Montana and in Missoula, Montana.  Polson is located within the boundaries of the Confederated Salish and Kootenai Reservation; Missoula is not.  Benjamin Morigeau was a member of the Confederated Salish and Kootenai Tribes, but Diane Morigeau is not.  None of the defendants is a tribal member or a tribally-affiliated entity.

¶4     After filing suit in state court, Morigeau filed essentially the same action in Confederated Salish and Kootenai Tribal Court in October, 2007.  In a Decision and Order of January 15, 2008, the Tribal Court dismissed the complaint on the ground that it was filed beyond the three-year statute of limitations provided for by the Tribes' Laws Codified.  The Decision and Order did not expressly discuss or rule upon any

2

jurisdictional issues. The Tribes did not appear or assert any jurisdictional position in the State court proceedings or in this appeal.

¶5 In the District Court, Gorman and the Polson Clinic moved to dismiss the complaint contending that the state court lacked jurisdiction because Benjamin Morigeau had been a tribal member and because the alleged medical negligence occurred at least in part on the Confederate Salish and Kootenai Reservation. The District Court granted the motion to dismiss, concluding that state courts do not have jurisdiction on the Confederated Salish and Kootenai Reservation over actions for medical negligence. On March 31, 2009 the District Court entered final judgment in favor of Gorman and the Polson Clinic, dismissing the complaint against them with prejudice. The final judgment also dismissed the complaint against the International Heart Institute, without prejudice, because it had not been served as required by Rule 4E, M. R. Civ. P.

## STANDARD OF REVIEW

¶6 This Court reviews de novo a district court's decision on a motion to dismiss, construing the complaint in the light most favorable to the plaintiff. *Meagher v. Butte-Silver Bow County*, 2007 MT 129, ¶ 13, 337 Mont. 339, 160 P.3d 552. When deciding a motion to dismiss based upon lack of jurisdiction, the district court must determine whether the complaint states facts that, if true, would vest the court with subject matter jurisdiction. *Liberty Northwest Ins. v. State Fund*, 1998 MT 169, ¶ 7, 289 Mont. 475, 962 P.2d 1167.

## DISCUSSION

3

¶7 Montana courts are open to every person and afford a speedy remedy to every injury of person, property or character, as provided in the Montana Constitution, Art. II, § 16. Montana district courts have original jurisdiction over all civil matters and cases at law and equity. Montana Constitution, Art. VII, § 4; § 3-5-302, MCA. Claims for wrongful death under § 27-1-503, MCA, and survival claims under § 27-1-501, MCA, are civil matters within the jurisdiction of the district courts.

¶8 In the District Court, Gorman and the Clinic argued that tribal courts have inherent jurisdiction regarding activities that occur on a reservation and that absent authorization from Congress, state courts may not adjudicate events arising on a reservation involving an enrolled member of the tribe. As to the Confederated Salish and Kootenai Reservation, Gorman and the Clinic contended that in Public Law 280, 28 U.S.C. § 1360, Congress provided the exclusive means by which state courts may exercise jurisdiction. They argued that the Tribes enacted Tribal Ordinance 40-A in 1965, consenting to state jurisdiction over a discrete list of subject matter areas, and that the list did not include medical negligence actions. They argued that exercising state jurisdiction over the Morigeau action would interfere with tribal sovereignty and tribal self-government.

¶9 The District Court agreed with the contentions of Gorman and the Clinic, holding that absent specific Congressional authority, state courts lack jurisdiction over events occurring on the reservation and involving enrolled members of the tribe. The District Court rejected the argument that Gorman and the Clinic lacked standing to assert the interests and sovereignty of the Tribes, and concluded that the "wish of an individual Tribal Member to litigate a matter in State Court would interfere with Tribal Sovereignty

4

just as much as a State Court exercising jurisdiction where concurrent jurisdiction does not exist."

¶10 Over a half century ago Congress enacted legislation commonly referred to as PL 280 that allowed states, with the consent of a tribe, to extend state jurisdiction over matters involving tribal members and arising on the reservation. The Confederated Salish and Kootenai Tribes of the Flathead Reservation consented to the extension of state jurisdiction by enacting Tribal Ordinance 40-A, Revised, listing eight discreet areas in which the State of Montana could operate as to matters involving tribal members. *See Security State Bank v. Pierre*, 162 Mont. 298, 511 P.2d 325 (1973), and *Balyeat v. Pettit*, 1998 MT 252, 291 Mont. 196, 967 P.2d 398, for discussions of the history of PL 280 on the Flathead Reservation. PL 280 and Ordinance 40-A do not impact the jurisdiction of state courts that existed independently of PL 280. *Iron Bear v. District Court*, 162 Mont. 335, 342, 512 P.2d 1292, 1296-97 (1973).

¶11 It is well established that Montana provides access to its courts and equal protection of its laws when a tribal member seeks civil redress against a person or entity who is not a tribal member. *Bonnet v. Seekins*, 126 Mont. 24, 243 P.2d 317 (1952); *McCrea v. Busch*, 164 Mont. 442, 524 P.2d 781 (1974). This Court has "repeatedly affirmed the right of Indian plaintiffs to sue non-Indians in state court as a right guaranteed to all Montana Citizens under Article II, Section 16, of the Montana Constitution." *Lambert v. Ryozik*, 268 Mont. 219, 222, 886 P.2d 378, 380 (1994). In *Iron Bear*, we endorsed the exercise of state jurisdiction over actions brought by tribal members against non-members. However, we emphasized that before a district court can

5

exercise subject matter jurisdiction over an action involving matters arising on a reservation, it must determine whether federal law has preempted state jurisdiction, whether the exercise of state jurisdiction would interfere with tribal self-government, and whether the tribal court is exercising jurisdiction in such a way as to preempt state jurisdiction. *Iron Bear*, 162 Mont. at 346, 512 P.2d at 1299.

¶12 The right of tribal members to bring civil actions against non-members in state courts is equally well established in federal law. *Williams v. Lee*, 358 U.S. 217, 79 S. Ct. 269 (1959). The Supreme Court and state courts have long recognized the interest that Indian people have in access to courts "and that tribal autonomy and self-government are not impeded when a State allows an Indian to enter its court to seek relief against a non-Indian concerning a claim arising in Indian country." *Three Affiliated Tribes of the Fort Berthold Reservation v. Wold Engineering*, 476 U.S. 877, 888, 106 S. Ct. 2305, 2312 (1986).

¶13 By contrast, it is equally well established that a state court generally lacks jurisdiction to entertain an action brought by a non-member against a tribal member concerning matters arising on the reservation. *Larrivee v. Morigeau*, 184 Mont. 187, 602 P.2d 563 (1979); *Geiger v. Pierce*, 233 Mont. 18, 758 P.2d 279 (1988).

¶14 This right of access to the courts applies as to the residents of each reservation in Montana, including the Flathead. The fact that state court jurisdiction has been extended on the Flathead Reservation under PL 280 and Ordinance 40-A, but has not been extended on the other reservations does not diminish the right of a member of the Confederated Salish and Kootenai Tribes to seek redress in Montana courts for a dispute

6

with a non-tribal member. PL 280 does not affect state jurisdiction that existed independently before enactment of that statute. *Three Affiliated Tribes*, 476 U.S. at 886, 106 S. Ct. at 2311.

¶15 Further, none of the *Iron Bear* factors would preclude Diane Morigeau from bringing her lawsuit in the courts of the State of Montana. While Gorman and the Clinic assert, and the District Court concluded, that entertaining this action in state court would interfere with tribal sovereignty, they provide no satisfactory explanation as to why that would be true. This conclusion is not supported by facts and conflicts with the Supreme Court's holding in *Three Affiliated Tribes*. There is no apparent way in which this lawsuit would affect tribal or trust property or any other matter that could actually or potentially impact tribal sovereignty. There is no act of Congress prohibiting the state court action, the Tribal Court has not acted to exclude state action, and the Tribes have not appeared to assert a sovereignty issue.

¶16 Based upon well-established principles of state and federal law, Morigeau had the right to bring her action in state court and the state court had jurisdiction to hear it.

¶17 Reversed and remanded for further proceedings.

/S/ MIKE McGRATH

We concur:

/S/ W. WILLIAM LEAPHART
/S/ JAMES C. NELSON
/S/ PATRICIA O. COTTER
/S/ BRIAN MORRIS
/S/ MICHAEL E WHEAT
/S/ JIM RICE

7