**Certiorari Denied, September 16, 2010, No. 32,566**

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2010-NMCA-094**

**Filing Date: July 27, 2010**

**Docket No. 28,429**

**DOUGLAS LARSEN,**

**Plaintiff-Appellant,**

**v.**

**FARMINGTON MUNICIPAL SCHOOLS,**

**Defendant-Appellee.**

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**William C. Birdsall, District Judge**

Hawk Law, P.A.
Sharon B. Hawk
Albuquerque, NM

for Appellant

Brown & German
Stephen L. Cash
Kevin M. Brown
Albuquerque, NM

for Appellee

**OPINION**

**CASTILLO, Judge.**

**{1}** Following discharge from his position at Farmington High School, Plaintiff Douglas Larsen filed an action in district court for breach of contract and damages. The district court ordered the parties to arbitrate, and the arbitrator entered an award finding just cause for Plaintiff's discharge. Defendant Farmington Municipal Schools then moved for summary

1

judgment on the basis of the award.  The district court granted the motion, and Plaintiff appeals.  We affirm.

## BACKGROUND

{2}    On January 8, 2003, Defendant's Superintendent of Schools provided Plaintiff with a notice of intention to recommend discharge of Plaintiff from his position as a high school teacher pursuant to allegations that he had made lewd suggestions to a student, had inappropriate photographs in his classroom, and was insubordinate based upon a prior warning about similar behavior toward a different student.  The notice advised Plaintiff that he had a right to request a hearing before the school board "by submitting a written request to the Superintendent within five working days from the date" the notice was served upon him.  In a memorandum dated January 8, 2003, Plaintiff notified Defendant's Executive Director of Personnel that he declined Defendant's request that he resign and stated his protest of Defendant's actions, insisting that Defendant follow collective bargaining agreements and advising that he intended to sue Defendant for violation of his first amendment rights and discrimination.  On January 23, 2003, Defendant's school board took official action discharging Plaintiff.  By letter of January 27, 2003, Plaintiff informed Defendant's Superintendent of Schools that he requested "a hearing before the school board and/or an independent arbitrator whichever is necessary, due to the fact that the school board has already taken action on this matter without informing [him] prior to the meeting."  Plaintiff filed a complaint for damages in district court on November 22, 2004, alleging breach of contract and violation of due process and state law for Defendant's failure to provide him with a hearing.

{3}    After briefing on Defendant's amended motion for summary judgment on the basis that Plaintiff did not file a timely request for a post-termination hearing, the district court denied the motion, ordered arbitration, and stayed the proceedings pending the outcome of an arbitration under the School Personnel Act (the Act), NMSA 1978, §§ 22-10-1 to -27 (1967, as amended through 2002) (recompiled in 2003 at NMSA 1978, Sections 22-10A-1 to -39 (1967, as amended through 2009)). The arbitration hearing was held on October 19, 2007.  The arbitrator issued an award upholding Plaintiff's discharge, which we have affirmed in *Larsen v. Board of Education of Farmington Municipal Schools*, 2010-NMCA-__, __ N.M. __, __ P.3d __ (No. 28,428, July 27, 2010).  After the arbitration award, Defendant filed a motion for summary judgment, arguing that Plaintiff's claims were now moot.  The district court granted Defendant's motion, and this appeal followed.

## APPLICATION OF DOCTRINE OF COLLATERAL ESTOPPEL

{4}    Defendant employed Plaintiff as a high school teacher for the 2002-2003 school year under a contract entered in July 2002.  The contract provided that it may be cancelled for reasons that include just cause and that such cancellation "may be effected only in accordance with" New Mexico statutes and rules of the state and local boards of education.  The Act prior to recompilation applied to the contract.  Under the Act, a school board cannot

2

discharge a teacher who has been employed by the school district for three consecutive years without just cause. Section 22-10-14(D) (recompiled at Section 22-10A-24(D)). "Just cause" is defined as "a reason that is rationally related to an employee's competence or turpitude or the proper performance of his duties and that is not in violation of the employee's civil or constitutional rights." Section 22-10-2(F) (recompiled at Section 22-10A-2(G)). Plaintiff was employed by Defendant for more than three years.

**{5}** The Act also addresses discharge procedures. It provides that a school superintendent must serve a certified school employee with a written notice of intent to recommend discharge, affording the employee the right to a hearing before the school board if the employee gives the superintendent written notice of the employee's exercise of the right within five days of receipt of the superintendent's notice. Section 22-10-17(A), (B) (recompiled at Section 22-10A-27(A), (B)). The Act allows an appeal to an independent arbitrator by a certified school employee aggrieved by a decision of a school board. Section 22-10-17.1(A) (recompiled at Section 22-10A-28(A)). In his arbitration award, the arbitrator found that Plaintiff did not make a written request for a hearing before the school board within the five days allowed him and concluded that the procedural errors concerning Plaintiff's request for a hearing or an appeal were mooted by the district court's ruling requiring arbitration.

**{6}** Plaintiff's brief addresses the same procedural errors as addressed by the arbitrator. Plaintiff alleges, however, that his claim for damages survives the arbitration award. Defendant counters that an arbitration hearing was all the relief to which Plaintiff was entitled, and, further, Plaintiff's claim is barred by the doctrine of collateral estoppel because it has already been denied by the arbitrator. We agree with Defendant that the doctrine of collateral estoppel applies.

**{7}** We first address the manner in which Defendant raised its collateral estoppel argument in the district court. Its brief in support of its motion for summary judgment contends that Plaintiff's claim became moot as a result of the arbitration award affirming Plaintiff's discharge. After Plaintiff argued in response that his claim for damages negated mootness, Defendant replied that the doctrine of collateral estoppel precluded Plaintiff's claim. The district court granted the motion, stating that "Plaintiff has had his day in court via the arbitration and there is no other relief he is entitled to." "The purpose of the doctrine of collateral estoppel is to foster judicial economy by precluding the relitigation of ultimate facts or issues actually and necessarily decided in a prior suit." *In re Forfeiture of Fourteen Thousand Six Hundred Thirty Nine Dollars ($14,639)*, 120 N.M. 408, 414, 902 P.2d 563, 569 (Ct. App. 1995) (internal quotation marks and citation omitted). We thus infer from the district court's statement that "Plaintiff has had his day in court via the arbitration" that the district court determined that Plaintiff was precluded from relitigating issues that had previously been decided in the arbitration and was relying on the doctrine of collateral estoppel in making its ruling. *Cf. Callison v. Naylor*, 108 N.M. 674, 676-77, 777 P.2d 913, 915-16 (Ct. App. 1989) (concluding that the party "had his day in court" and was thus barred by the doctrine of collateral estoppel), *limited on other grounds by Tedford v. Gregory*,

3

1998-NMCA-067, 125 N.M. 206, 959 P.2d 540. We review the district court's decision to grant summary judgment accordingly.

**{8}** "Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Self v. United Parcel Serv., Inc.*, 1998-NMSC-046, ¶ 6, 126 N.M. 396, 970 P.2d 582 (citation omitted). "We review these legal questions de novo." *Id.*

**{9}** For a claim to be barred by collateral estoppel, "(1) the party against whom collateral estoppel is asserted must have been a party in or in privity with a party to the original action; and (2) the two cases must have concerned the same ultimate issue or fact, which was (a) actually litigated, and (b) necessarily determined in the first suit." *DeLisle v. Avallone*, 117 N.M. 602, 605, 874 P.2d 1266, 1269 (Ct. App. 1994). The party invoking the doctrine of collateral estoppel bears the burden of establishing a prima facie showing. *Id.* at 606, 874 P.2d at 1270. Once a prima facie showing is made, the burden shifts to the party opposing collateral estoppel to show that the party was not afforded a full and fair opportunity to litigate the issue in the prior proceeding. *Id.* The doctrine of collateral estoppel applies to arbitration awards if the "arbitration affords opportunity for presentation of evidence and argument substantially similar in form and scope to judicial proceedings." *Rex, Inc. v. Manufactured Hous. Comm.*, 119 N.M. 500, 505, 892 P.2d 947, 952 (1995) (internal quotation marks and citation omitted). However, "because arbitration proceedings tend to be more informal than judicial proceedings, with fewer procedural safeguards, [a] court should be particularly vigilant in examining whether the arbitration proceeding provided the parties with a full and fair opportunity to litigate the issues." *Id.*

**{10}** As discussed above, Plaintiff was afforded an arbitration hearing before an independent arbitrator. The parties to the district court case and to the arbitration were the same—Plaintiff and Defendant. The issue in the district court and in the arbitration was the same: did Defendant breach its contract with Plaintiff by wrongfully discharging him without due process. Plaintiff had notice of the allegations against him and a full and fair opportunity to have counsel represent him, testify on his own behalf, confront witnesses against him, and present evidence for the arbitrator to consider. *See* § 22-10.17.1 (recompiled at § 22-10A-28). He was represented by counsel and did present evidence and cross-examine the witnesses against him. There was evidence that Plaintiff had requested a hearing before the school board, although not within the appropriate time frame. Defendant has therefore established a prima facie showing that collateral estoppel applies. The burden then shifts to Plaintiff to show that he was not afforded a full and fair opportunity to litigate his claims. *See DeLisle*, 117 N.M. at 606, 874 P.2d at 1270.

**{11}** Although it is not clearly stated, Plaintiff's only argument seems to be that the nearly five-year delay between his discharge and the arbitration hearing denied him due process and entitles him to damages. Plaintiff does not contend on appeal that he suffered any prejudice from the delay or that he was denied the opportunity to litigate his claim.

4

**{12}** Plaintiff argues instead that the arbitrator's ruling on "procedural errors" only referred to Plaintiff's failure to request a hearing before the school board and did not embrace the basis for Plaintiff's contract claim—that Defendant failed to provide Plaintiff a post-termination arbitration hearing. We disagree. The arbitrator found that "[t]he procedural errors regarding [Plaintiff]'s request for hearing and/or appeal are rendered moot by virtue of the ruling of the [d]istrict [c]ourt." The arbitrator was referring to the district court's requirement that Defendant be given a post-termination hearing—the arbitration. This language indicates that the arbitrator's ruling extends to both Plaintiff's failure to timely request a hearing before the school board and the school board's failure to timely provide an arbitration hearing at which Plaintiff could have appealed his discharge. The hearing before an independent arbitrator is the appeals process afforded by statute following a certified school employee's discharge. *See* §§ 22-10-17, -17.1 (recompiled at Sections 22-10A-27, -28). Plaintiff failed to meet his burden of showing that he was denied a full and fair opportunity to litigate his claim for breach of contract and damages. As a result, the district court could properly conclude that Plaintiff's claim for damages was determined by the arbitrator and grant summary judgment to Defendant.

**CONCLUSION**

**{13}** We affirm the district court's order of summary judgment in favor of Defendant.

**{14}** **IT IS SO ORDERED.**

 

_____

**CELIA FOY CASTILLO, Judge**

**WE CONCUR:**

_____

**MICHAEL D. BUSTAMANTE, Judge**

_____

**MICHAEL E. VIGIL, Judge**

**Topic Index for *Larsen v. Farmington Mun. Sch.*, Docket No. 28,429**

| **CP** | **CIVIL PROCEDURE** |
| CP-AT | Arbitration |
| CP-CE | Collateral Estoppel |
| CP-MO | Mootness |
| CP-SJ | Summary Judgment |
| | |
| **CT** | **CONSTITUTIONAL LAW** |
| CT-DP | Due Process |

CT-NO                    Notice

**CN**                   **CONTRACTS**
CN-BR                    Breach

**EL**                   **EMPLOYMENT LAW**
EL-TE                    Termination of Employment

**GV**                   **GOVERNMENT**
GV-ES                    Education and Schools