**Certiorari Denied, September 16, 2010, No. 32,565**

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2010-NMCA-093**

**Filing Date: July 27, 2010**

**Docket No. 28,428**

**IN THE MATTER OF THE TERMINATION
OF DOUGLAS LARSEN,**

       **Petitioner-Appellant,**

**v.**

**BOARD OF EDUCATION OF THE
FARMINGTON MUNICIPAL SCHOOLS,**

       **Respondent-Appellee.**

**APPEAL FROM A DECISION OF AN ARBITRATOR
Kimball Udall, Arbitrator**

Hawk Law, P.A.
Sharon B. Hawk
Albuquerque, NM

for Appellant

Cuddy, Kennedy, Ives, Archuleta-Staehlin,
   Fairbanks & Vigil, LLP
Jacquelyn Archuleta-Staehlin
Evelyn A. Peyton
Santa Fe, NM

for Appellee

**OPINION**

**CASTILLO, Judge.**

**{1}** Plaintiff Douglas Larsen filed an action in district court for breach of contract and

1

damages after he was discharged from his position as a teacher with Defendant Farmington Municipal Schools. The district court ordered that the proceedings be stayed until an arbitration hearing was held before an independent arbitrator. The arbitrator affirmed Defendant's decision to terminate Plaintiff. Plaintiff appeals, arguing that the arbitrator relied on grounds beyond the statutory notice provided him, that the insufficient notice violated his due process rights, and that substantial evidence does not support the arbitration award. We affirm.

**BACKGROUND**

{2}    On December 16, 2002, a female student at Farmington High School contacted the principal and reported that Plaintiff, a certified school employee and teacher at the high school, was making advances of a sexual nature to her related to raising her grades in his class, and that he had physically touched her inappropriately. On December 18, 2002, the student filed a multi-page complaint against Plaintiff in which she stated that there had been several conversations with Plaintiff that had taken place during the past several days during which they discussed what the student could do about improving her grades. According to the student, on Friday, December 13, Plaintiff proposed to give her a passing grade if she allowed him to take pictures of her, and he also showed her the areas of her body that he wanted in the pictures—chest, mid-area, lower body and back. The student also alleged that Plaintiff touched her inappropriately on her breast and buttocks, and she explained that all of this made her feel uncomfortable. The student also stated that again on Monday, December 16, toward the end of class, Plaintiff directed her to the back of the classroom where they were alone; there he further explained that he expected to take "natural" pictures of her at the lake or in the woods with no one present, that she would have to act "like a slut," and do what he told her to do, and that no one could know of the matter.

{3}    On January 8, 2003, based primarily on the allegations of the student, Defendant's Superintendent of Schools served Plaintiff with a notice of intent to recommend his discharge under the School Personnel Act (the Act), NMSA 1978, §§ 22-10A-1 to -39 (1967, as amended through 2009) (recompiled in 2003; prior version at NMSA 1978, §§ 22-10-1 to -27 (1967, as amended through 2002)). The notice informed Plaintiff that the discharge was based on misconduct involving inappropriate and lewd conduct with one of his female students, inappropriate photographs in his classroom, and insubordination based on previous warnings about similar conduct as to female students. Plaintiff appealed his discharge, entitling him to a de novo hearing by an independent arbitrator.

{4}    After an arbitration hearing, the arbitrator determined that the notice of intention to recommend discharge adequately apprised Plaintiff of the nature of the allegations; that sufficient evidence supported a finding that Plaintiff suggested to a student that she pose for pictures for him outside of the classroom and outside of the presence of anyone else; that this suggestion alone constituted just cause for termination of Plaintiff's employment; and that the procedural errors regarding Plaintiff's request for hearing and/or appeal were rendered moot when the district court ordered the parties to arbitrate.

2

**{5}** Plaintiff appeals from the arbitration award, arguing that he received inadequate notice of the grounds upon which the arbitrator based his decision and that his due process rights were violated. Plaintiff also attacks the arbitration award on the basis of insufficient evidence.

**STANDARD OF REVIEW**

**{6}** "We determine whether substantial evidence supports the arbitrator's factual findings, and we review his conclusions of law de novo." *Aguilera v. Bd. of Educ.*, 2005-NMCA-069, ¶ 8, 137 N.M. 642, 114 P.3d 322, *aff'd on other grounds*, 2006-NMSC-015, 139 N.M. 330, 132 P.3d 587.

**NOTICE AND DUE PROCESS**

**{7}** Section 22-10A-27 of the Act sets forth the manner in which a local school board must handle the discharge of a certified school employee. The superintendent must serve the employee with a written notice of intent to recommend discharge, stating the cause for the superintendent's recommendation as well as the employee's right to a discharge hearing before the school board. Section 22-10A-27(A)(2). When a local school board discharges a certified school employee, the employee may appeal the school board's decision to an independent arbitrator, who shall decide the matter after a de novo hearing. Section 22-10A-28(A), (D). At the arbitration hearing, a school board must show by a preponderance of the evidence that, at the time of the notice of intent to recommend discharge, just cause existed to discharge the employee. Section 22-10A-28(D). The

> arbitrator must review all the evidence relevant to the charges set forth in the notice of intent to discharge, including relevant evidence discovered after the notice has been served, and decide on that record whether the [local school b]oard has established by a preponderance of the evidence that the allegations of misconduct had a basis in fact and whether they constitute just cause supporting discharge.

*Santa Fe Pub. Sch. v. Romero*, 2001-NMCA-103, ¶ 16, 131 N.M. 383, 37 P.3d 100. The Act defines "just cause" as "a reason that is rationally related to an employee's competence or turpitude or the proper performance of the employee's duties and that is not in violation of the employee's civil or constitutional rights." Section 22-10A-2(G).

**{8}** Plaintiff argues that he received inadequate notice of the bases for his discharge. The notice of intention to recommend discharge provided Plaintiff with three reasons for Defendant's proposed action:

> 1.    Misconduct, in that you engaged in inappropriate and lewd conduct with one of your female students, including:

3

a.  Proposing to the student that she pose for lewd photographs for you;

b.  Suggesting to the student that her compliance with your proposal would result in improved grades;

c.  Inappropriate and lewd physical contact with the student on the breast and buttocks;

2.  Insubordination, in that the foregoing misconduct was committed despite a warning you received against similar conduct with a different student during the 2001-2002 school year; and

3.  Misconduct, in that you kept photographs of nude children or adolescents in your classroom.

**{9}** The arbitrator made a finding that "the allegations as exactly set forth" were not proved by a preponderance of the evidence. As to the first reason for discharge, the arbitrator found only that Plaintiff "suggested to a female student that she pose for photographs to be take[n] by [Plaintiff], out of the presence [of] anyone else, in a location which was not in the classroom, and which was not part of a school project." The arbitrator found that Defendant did not prove its allegations that the proposed photographs were lewd, and, because he did not find the student's testimony to be wholly credible, he found that Defendant did not prove the other allegations. As to the second reason, the arbitrator found that the other student's testimony concerning the 2001-2002 school year incident was also not credible. As to the third reason, the arbitrator found that photographs shown to the student were not "lewd, lascivious or pornographic" and that although Plaintiff had inappropriate photographs in a cabinet in his office, there was no evidence that "any student ever saw them or even knew about them," such as to be just cause for discharge. Nevertheless, the arbitrator upheld Plaintiff's discharge because he concluded that the

> mere suggestion by [Plaintiff] that a female student should (or even could) be photographed by him, in a setting outside of the classroom, in the absence of other persons, for any reason other than a class project, whether the student was to be dressed or not, whether or not there was a suggestion of improving the student's grades or other *quid pro quo*, constitutes just cause for [Plaintiff's] termination.

**{10}** Plaintiff argues that the notice of intention to recommend discharge was insufficient to give him notice, in violation of his due process rights, because the arbitrator based his decision on allegations different from those in the notice. We agree with Plaintiff that the due process clause to the Fourteenth Amendment to the United States Constitution entitles him to adequate notice of the bases upon which Defendant based its decision to discharge. *Bd. of Educ. of Carlsbad Mun. Sch. v. Harrell*, 118 N.M. 470, 477-78, 882 P.2d 511, 518-19

4

(1994). We do not agree, however, that the notice was insufficient in this case.

**{11}** In *Romero*, this Court examined an arbitrator's decision under the Act in the context of the discharge of a certified school employee. 2001-NMCA-103, ¶¶ 1, 11. We held that the arbitrator misapplied the law by focusing on the information available to the administrator discharging the employee rather than conducting a de novo review to determine whether just cause existed for the discharge. *Id.* ¶ 28. We observed that, in the course of de novo review to determine the existence of just cause, the arbitrator was not limited to evidence that existed at the time of the discharge but, instead, "must review all the evidence relevant to the charges set forth in the notice of intent to discharge, including relevant evidence discovered after the notice has been served." *Id.* ¶ 16. We distinguished, however, between new evidence of the charges contained in the notice and evidence of new charges that were not in the notice. *Id.* ¶ 22. Because of the essential aspect of adequate notice to enable an employee to present evidence in response to charges brought against the employee, we noted that due process protections prohibit the use of evidence at a school board or arbitration hearing of new reasons for discharge that are different from those set forth in the notice. *Id.*

**{12}** The evidence at the arbitration hearing in this case did not differ from the allegations contained in the notice of intention to recommend discharge. Defendant presented evidence relating to the allegations stated in the notice. Both students mentioned in the notice testified. Their written complaints and the photographs Defendant removed from Plaintiff's office that formed the basis for the notice were received as exhibits. The issue before us is not that there is a difference in the evidence but that there is a difference in the arbitrator's interpretation of the evidence. Instead of either accepting or rejecting the sufficiency of the evidence of just cause for discharge, the arbitrator only accepted some of the evidence and concluded that it constituted just cause for discharge. *See Garnsey v. Concrete Inc. of Hobbs*, 1996-NMCA-081, ¶ 20, 122 N.M. 195, 922 P.2d 577 (stating that it is for the factfinder to weigh evidence and resolve conflicts). As a result, the arbitrator's basis for discharge was not entirely the same as that contained in the notice. Although the notice stated as an independent basis of misconduct that Plaintiff proposed to a student that she pose for lewd photographs for him, the arbitrator rejected evidence that the proposed photographs were intended to be lewd. He did find, however, that Plaintiff improperly suggested that the student pose outside the presence of anyone else, in a location outside the classroom, and for a purpose other than a school project.

**{13}** When evaluating Plaintiff's due process rights, we consider the arbitrator's conclusion based on the specific grounds in the notice, rather than on a variation of the grounds. The nature of a due process right in a proceeding involving the deprivation of a property interest in continued public employment is that the proceeding be fundamentally fair. *Harrell*, 118 N.M. at 478, 882 P.2d at 519 ("Due process requires that the proceedings looking toward a deprivation be essentially fair."). Due process requires that an employee receive notice of the charges against them and an opportunity to present evidence to the contrary. *Id.* The extent of the due process requirements depends on the facts of each case.

5

*Id.*

**{14}** The arbitrator's finding that portions of the student's testimony were not credible did not affect the scope of the hearing. The arbitration hearing was a full evidentiary hearing at which Plaintiff was represented by counsel. Defendant centered its case against Plaintiff on the previous written complaint of a female student. The student testified, consistent with her complaint, that Plaintiff proposed to take lewd pictures of her after school in the woods.

**{15}** The details of the conversations between Plaintiff and the student were contained in the written complaint. The only difference between the notice and the arbitrator's decision is that in its notice, Defendant characterized the conduct as inappropriate and lewd, while in its decision, the arbitrator focused on the inappropriate conduct of the teacher in requesting that a student pose alone for pictures to be taken off campus for a non-school purpose.

**{16}** Plaintiff also testified that he discussed taking pictures of the student and presented his version of the events, stating that he said that the photographs were to be taken on school grounds for a school website. Plaintiff does not contend on appeal that he did not have knowledge of the student's previous written complaint, that there was any confusion about the identity of the student or the pictures that were at issue at the arbitration, or that there were any other instances that could have been confused with the one that was the subject of the testimony.

**{17}** Regardless of whether the arbitrator believed the student or Plaintiff as to the version of the events, both sides focused their testimony and argument on a single instance in which Plaintiff proposed photographing the same student. Plaintiff agrees that neither Section 22-10A-28(D) nor any New Mexico case requires that the notice of intent to recommend discharge be stated with "the nicety of a criminal indictment." *Graves v. School Comm. of Wellesley*, 12 N.E.2d 176, 179 (Mass. 1937). Based on this record of the arbitration, the notice was sufficient to apprise Plaintiff of the charges so as to afford him the opportunity to present his evidence contravening the charges, and Plaintiff did so.

**{18}** We read the notice as a whole. Plaintiff had notice of the facts surrounding the photos by virtue of the student's written complaint upon which Defendant based the notice of intention to recommend discharge. Moreover, it is reasonable to assume that because the student's complaint expressed that Plaintiff wished to take "natural" pictures of her in the woods in which she had to "act like a slut," the pictures would be taken for reasons other than a school project, outside of the presence of others, and outside of the classroom. The notice did not have to specify these circumstantial facts. *Cf. State ex rel. Children, Youth & Families Dep't v. Brandy S.*, 2007-NMCA-135, ¶ 31, 142 N.M. 705, 168 P.3d 1129 (holding that "fair notice of the central issues that were to be litigated at the [termination of parental rights] hearing" was sufficient to satisfy due process requirements); *see also Alfieri v. Alfieri*, 105 N.M. 373, 379, 733 P.2d 4, 10 (Ct. App. 1987) ("[F]acts may be proven by circumstantial evidence.").

6

**{19}** Further, even though the notice did not mention them, or rely on grounds that did not include proposing photographs that were not lewd, the notice was nonetheless sufficient. Plaintiff had full opportunity to present his case. Plaintiff's focus was not on the character of the photos, rather his position was that the photos were to be taken on campus and for purposes of the school website. Plaintiff specifically defended against the facts found by the arbitrator. Although the arbitrator did not believe the student that the photos were lewd, he did believe that the photos were to be taken off campus for non-school purposes, and this was sufficient to support just cause for discharge. The arbitrator's decision was not based on new charges, rather it was based on the information provided by the student as to where and for what purpose the photos were to be taken. Plaintiff was able to defend against the allegations made by the student. There was no problem with notice. Accordingly, we conclude that the difference between the language in the notice and the arbitrator's decision did not infringe upon Plaintiff's due process rights. *See Harrell*, 118 N.M. at 478, 882 P.2d at 519 (requiring hearings involving a deprivation of a property interest to be "essentially fair").

**SUBSTANTIAL EVIDENCE**

**{20}** Plaintiff argues that the evidence did not support a finding that the pictures would be taken outside the presence of anyone else, that they would be taken off school grounds, or that they would not be used for his school-related website. He asserts that the arbitrator did not find the student's testimony wholly credible, and because Plaintiff testified that he proposed to take pictures for his website on school grounds, the arbitration award must be overturned. In ascertaining whether substantial evidence supported the arbitrator's decision, we look to whether the evidence is such "that a reasonable mind would regard [it] as adequate to support [the] conclusion." *In re Termination of Kibbe*, 2000-NMSC-006, ¶ 15, 128 N.M. 629, 996 P.2d 419 (filed 1999) (second alteration in original) (internal quotation marks and citation omitted).

**{21}** The student alleged that Plaintiff wanted her "to go with him somewhere after school," to take pictures. She stated that the pictures were to be taken "somewhere in the woods." The student's testimony alone is enough to support a finding that Plaintiff offered to photograph the student off school grounds. Additionally, as we have discussed, the circumstantial evidence before the arbitrator was sufficient to support his finding that the pictures would be outside the presence of others and for a reason other than for a school project.

**{22}** Plaintiff also argues that other evidence, particularly his own testimony, requires the arbitration award to be vacated. However, on appeal, we do not reweigh the evidence or substitute our judgment for that of the factfinder. *Las Cruces Prof'l Fire Fighters v. City of Las Cruces*, 1997-NMCA-044, ¶ 12, 123 N.M. 329, 940 P.2d 177 (filed 1996). "The question is not whether substantial evidence exists to support the opposite result, but rather whether such evidence supports the result reached." *Id.* In the present case, viewing the evidence in the light most favorable to the prevailing party, the arbitrator's factual findings

are supported by substantial evidence. *See id.*

**CONCLUSION**

**{23}** We affirm the arbitration award.

**{24}  IT IS SO ORDERED.**

_____
                                              **CELIA FOY CASTILLO, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**MICHAEL E. VIGIL, Judge**

**Topic Index for *In the Matter of the Termination of Larsen*, Docket No. 28,428**

| **AE** | **APPEAL AND ERROR** |
|---|---|
| AE-SR | Standard of Review |
| AE-SB | Substantial or Sufficient Evidence |
| | |
| **CP** | **CIVIL PROCEDURE** |
| CP-AT | Arbitration |
| CP-NO | Notice |
| | |
| **CT** | **CONSTITUTIONAL LAW** |
| CT-DP | Due Process |
| CT-NO | Notice |
| | |
| **CN** | **CONTRACTS** |
| CN-BR | Breach |
| | |
| **EL** | **EMPLOYMENT LAW** |
| EL-TE | Termination of Employment |
| | |
| **GV** | **GOVERNMENT** |
| GV-ES | Education and Schools |