This decision was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of non-precedential dispositions. Please also note that this electronic decision may contain computer-generated errors or other deviations from the official paper version filed by the Supreme Court.

## IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

**Filing Date:  December 15, 2016**

**DAVID A. NEAL and**
**CRISTELLA TRUJILLO-NEAL,**

        Appellants,

v.                                                    **NO. S-1-SC-35638**

**NEW MEXICO PUBLIC REGULATION COMMISSION,**
**Commissioner KAREN L. MONTOYA (Chair),**
**Commissioner LINDA LOVEJOY (Vice Chair),**
**Commissioner PATRICK H. LYONS,**
**Commissioner SANDY JONES,**
**Commissioner VALERIE ESPINOZA,**

        Appellees.

**APPEAL FROM THE NEW MEXICO PUBLIC REGULATION COMMISSION**

David A. Neal, Pro Se
Cristella Trujillo-Neal, Pro Se
Santa Fe, NM

for Appellants

New Mexico Public Regulation Commission

Judith Ellen Amer, Associate General Counsel
Santa Fe, NM

for Appellees

**DECISION**

**DANIELS, Chief Justice**

{1}   Having read the briefs, heard oral argument, and otherwise fully informed themselves on the issues and applicable law as raised by the parties in this direct appeal before the Supreme Court, the Justices unanimously concur that it is appropriate to dispose of this case by decision pursuant to Rule 12-405(B)(1) NMRA rather than by formal precedential opinion. This does not mean that this case is considered unimportant to the Court but only that the disposition does not create new precedent.

**Background**

{2}   Appellants David A. Neal and Cristella Trujillo-Neal have filed a timely appeal of the New Mexico Public Regulation Commission's November 18, 2015, final order in Case 15-00087-UT, *Jemez Mountains Electric Cooperative, Inc.'s Compliance Filing Related to Tribal Right-of-Way Rate Rider Surcharge Reconciliation Adjustments*, pursuant to NMSA 1978, Section 62-11-1 (1993). Case 15-00087-UT is a compliance filing by the Jemez Mountains Electric Cooperative (JMEC) that

2

addresses for multiple cases before the Commission the reconciliation of billing surcharges, including the Rate Rider 4 surcharge effective in August 2014 by final order of the Commission. Rate Rider 4 recovers right of way fees from JMEC customers served within the boundaries of the Pueblo of San Ildefonso. Appellants do not articulate any issues with the calculation method used in the reconciliation of Rate Rider 4 but rather challenge the legitimacy of the underlying rate allocation methodology previously approved by the Commission in its August 2012 final order entered in Case 12-00020-UT, *In the Matter of Jemez Mountains Electric Cooperative's Advice Notice No. 59*, which Appellants did not appeal.

{3} Appellants now contend that (1) the notice provided in Case 12-00020-UT was insufficient and violated their due process rights, (2) the Commission acted arbitrarily and capriciously when adopting the rate allocation methodology in Case 12-00020-UT, (3) the underlying right of way contracts entered into by JMEC and the tribes were not validly formed, (4) the manner in which rates were set denied Appellants equal protection, (5) the Commission should not be allowed to collaterally estop Appellants from challenging the underlying rate allocation methodology established in an earlier proceeding, and (6) the Commission acted arbitrarily and capriciously in denying Appellants' Motion for Rehearing and Reconsideration (Motion) in Case 15-00087-UT, the case on appeal. Appellants ask this Court to order the Commission

3

to reopen Case 12-00020-UT.

{4}     For the reasons set forth in this decision, we are not persuaded by Appellants' arguments. The majority of Appellants' contentions are in reality challenges to the merits of Case 12-00020-UT. But Appellants never filed a timely appeal from Case 12-00020-UT pursuant to Section 62-11-1 or pursuant to any other applicable provision of law. We therefore must address at the outset whether there were unusual circumstances that would excuse Appellants' untimely challenges to the rulings in that case. We conclude both that the notice provided in Case 12-00020-UT was sufficient, contrary to Appellants' first contention, and that there are no unusual circumstances that would permit this Court to excuse Appellants' untimely appeal. Because there are no unusual circumstances that would excuse Appellants' untimely Appeal of Case 12-00020-UT, this Court cannot reach Appellants' second through fourth contentions regarding the merits of Case 12-00020-UT. *See Chavez v. U-Haul Co. of N.M.*, 1997-NMSC-051, ¶¶ 23-26, 124 N.M. 165, 947 P.2d 122. Therefore we express no opinion as to whether there might or might not have been reversible error in Case 12-00020-UT or in any of the underlying right of way cases. We also must reject Appellants' fifth contention concerning collateral estoppel because that doctrine is not applicable in this circumstance where the rate allocation methodology was not an ultimate issue in Case 15-00087-UT, a compliance filing for the reconciliation of

4

surcharges including Rate Rider 4. *See Larsen v. Farmington Mun. Sch.*, 2010-NMCA-094, ¶ 9, 148 N.M. 926, 242 P.3d 493 (stating that for collateral estoppel to be applicable "the two cases must have concerned the same ultimate issue or fact"). Addressing Appellants' sixth contention, this Court concludes that the Commission did not act arbitrarily and capriciously when it denied Appellants' Motion.

**There Are No Unusual Circumstances Excusing Appellants' Untimely Appeal of Case 12-00020-UT**

{5}     It is important to understand that decisions of the Commission cannot simply be appealed at any time in the future without regard to procedural deadlines and other requirements established by law. Section 62-11-1 establishes criteria for the lawful appeal of a Commission case to the New Mexico Supreme Court. There must be a Commission final order, the person appealing from the final order must be a party to that case, and the appeal must be filed within thirty days of the final order or the refusal of a motion to reconsider the final order. Neither filing a protest in a Commission case nor filing a motion for reconsideration constitutes a lawful appeal under Section 62-11-1.

{6}     The exercise of appellate jurisdiction is subject to the mandatory precondition of timely filing. *Trujillo v. Serrano*, 1994-NMSC-024, ¶ 14, 117 N.M. 273, 871 P.2d

369. "[T]he appropriate inquiry for determining if a court can exercise its 'discretion and entertain an appeal even though it is not timely filed' is whether 'unusual circumstances beyond the control of the parties' are present." *Schultz ex rel. Schultz v. Pojoaque Tribal Police Dep't*, 2010-NMSC-034, ¶¶ 18, 25, 148 N.M. 692, 242 P.3d 259 (quoting *Trujillo*, 1994-NMSC-024, ¶¶ 15, 19) (holding that an unanticipated mailing delay that was outside the control of the party constituted an unusual circumstance); *see also Chavez*, 1997-NMSC-051, ¶¶ 22-25 (excusing an untimely appeal when a pro se petitioner faxed the notice of appeal fifty-eight minutes late but not when a petitioner was thirty days late with no unusual circumstances to excuse the untimeliness); *Romero v. Pueblo of Sandia/Sandia Casino*, 2003-NMCA-137, ¶ 7, 134 N.M. 553, 80 P.3d 490 (holding that actions by the court which caused the late filing constituted an unusual circumstance beyond the control of the parties).

{7}     In this case, Appellants are over four years late in filing their appeal of Case 12-00020-UT. Appellants contend that notice of Case 12-00020-UT was insufficient, depriving them of the opportunity to participate in the case. If notice in Case 12-00020-UT was insufficient so that Appellants had no opportunity to participate in the case, it follows that Appellants would have had no opportunity to file a timely appeal in the case. We therefore consider whether notice in Case 12-00020-UT was sufficient to afford a lawful opportunity to participate and appeal.

{8}      A fundamental requirement of constitutional due process in any proceeding is for notice to be "reasonably calculated, under all the circumstances, to apprise the interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). New Mexico courts have endorsed this principle. *See Ronald A. v. State ex rel. Human Servs. Dep't (In re Termination of Parental Rights of Ronald A.)*, 1990-NMSC-071, ¶ 13, 110 N.M. 454, 797 P.2d 243 (quoting *Mullane*, 339 U.S. at 314). The relevant inquiry is not whether Appellants actually received notice regarding the new rate allocation methodology proposed in Case 12-00020-UT but whether the Commission "employed a method of service reasonably calculated to result in [Appellants'] actual receipt of the notice." *Cordova v. State, Taxation & Revenue*, 2005-NMCA-009, ¶ 29, 136 N.M. 713, 104 P.3d 1104. "'[D]ue process is a flexible right and the amount of process due depends on the particular circumstances of each case.'" *State ex rel. CYFD v. Kathleen D.C.(In re Damion M.C.)*, 2007-NMSC-018, ¶ 14, 141 N.M. 535, 157 P.3d 714 (alteration in original) (citation omitted). In an administrative proceeding, notice need not be specific; general notice of the issues to be presented at the hearing is sufficient and satisfies due process requirements. *Albuquerque Bernalillo Co. Water Util. Auth. v. N.M. Pub. Regulation Comm'n*, 2010-NMSC-013, ¶ 21, 148 N.M. 21, 229 P.3d 494 (citing *Santa Fe*

7

*Exploration Co. v. Oil Conservation Comm'n*, 1992-NMSC-044, ¶ 21, 114 N.M. 103, 835 P.2d 819). Failure to follow statutory procedure is not necessarily dispositive of a due process violation. *Bird v. Lankford*, 1993-NMCA-128, ¶ 9, 116 N.M. 408, 862 P.2d 1267.

{9}     Appellants argue that notice in Case 12-00020-UT was insufficient because its December 2011 Advice Notice 59 did not inform all customers of the possibility that their electricity rates could increase. However, in February 2012 the Commission hearing examiner required a supplemental notice, in addition to Advice Notice 59, to be mailed to all customers and published in the *Albuquerque Journal* on March 2, 2012. This supplemental notice informed customers that "*this case may result in rate increases to some or all customers in all rate classifications*." This supplemental notice cured any due process deficiencies that may have been originally present in Advice Notice 59. Furthermore, the supplemental notice was reasonably calculated under the circumstances to inform interested parties of the pending action as required under New Mexico case law. *See Albuquerque Bernalillo Co. Water Util. Auth.*, 2010-NMSC-013, ¶¶ 22, 24 (holding that notice of a proceeding involving a rate increase that was published in the *Albuquerque Journal* satisfied due process requirements).

{10}     Based on established precedent, we conclude that the notice in Case 12-00020-

UT was sufficient to comply with constitutional due process requirements. We express no opinion as to whether the notice given in Case 12-00020-UT was statutorily sufficient because that issue was not timely appealed pursuant to Section 62-11-1. Because Appellants cite no other unusual circumstances to excuse their four-year delay in appealing, this Court cannot excuse Appellants' untimely challenge to the 2012 proceedings. Accordingly, it would be inappropriate to offer any advisory opinion on Appellants' second through fourth contentions regarding the merits of Case 12-00020-UT or the merits of any of the other underlying right of way cases which were not timely appealed. *See Chavez*, 1997-NMSC-051, ¶¶ 23-26.

**The Commission Did Not Act Arbitrarily and Capriciously in Denying Appellants' Motion in Case 15-00087-UT**

{11}    Because Appellants' appeal of Case 15-00087-UT was timely pursuant to Section 62-11-1, we address on the merits Appellants' sixth contention, that the Commission acted arbitrarily and capriciously in denying Appellants' Motion for Rehearing and Reconsideration in Case 15-00087-UT.

{12}    Applying established law, we review administrative orders to determine whether the Commission's denial of the Motion was "arbitrary and capricious, not supported by substantial evidence, outside the scope of the agency's authority, or otherwise inconsistent with law." *Doña Ana Mut. Domestic Water Consumers Ass'n*

*v. N.M. Pub. Regulation Comm'n*, 2006-NMSC-032, ¶ 9, 140 N.M. 6, 139 P.3d 166. Appellants have the burden to make this showing. NMSA 1978, § 62-11-4 (1965); *N.M. Indus. Energy Consumers v. N.M. Pub. Regulation Comm'n*, 2007-NMSC-053, ¶ 13, 142 N.M. 533, 168 P.3d 105. "A ruling by an administrative agency is arbitrary and capricious if it is unreasonable or without a rational basis, when viewed in light of the whole record." *Rio Grande Chapter of Sierra Club v. N.M. Mining Comm'n*, 2003-NMSC-005, ¶ 17, 133 N.M. 97, 61 P.3d 806. Addressing questions of fact in administrative appeals, we generally defer to the agency's determination. *Morningstar Water Users Ass'n v. N.M. Pub. Util. Comm'n*, 1995-NMSC-062, ¶ 12, 120 N.M. 579, 904 P.2d 28. "We review issues of law de novo." *N.M. Att'y Gen. v. N.M Pub. Regulation Comm'n*, 2015-NMSC-032, ¶ 24, 359 P.3d 133.

{13} Appellants argue that the Commission's decision to deny Appellants' Motion was arbitrary and capricious because the Commission did not read or take into consideration their Motion. In light of the whole record, the Commission's decision was not arbitrary and capricious. After Appellants filed the Motion, the Commission, seeking additional information, requested and received responses from JMEC and Commission Staff. In denying the Motion, the Commission held that the rates pertaining to the right of way fees were previously determined to be lawful and that the calculations relating to the reconciliation of Rate Rider 4 were correct. The

Commission's ruling is not unreasonable or without a rational basis. Appellants' Motion and reply to the Staff response attacked the rate allocation method and the legality of the right of way fees previously approved in Case 12-00020-UT. But the rate allocation method and the legality of the right of way fees were not at issue in the present reconciliation case, 15-00087-UT. Appellants' Motion and reply did not bring to light any new information regarding the reasonableness of the reconciliation of Rate Rider 4.

{14}    Because the Motion did not offer the Commission any grounds for reconsideration of Case 15-00087-UT, the reconciliation of surcharges including Rate Rider 4, the Commission did not act arbitrarily and capriciously when it denied Appellants' Motion for Rehearing and Reconsideration.

{15}    For the reasons set forth herein, we affirm the order of the Commission in this case.

{16}    **IT IS SO ORDERED.**


_____
**CHARLES W. DANIELS, Chief Justice**

**WE CONCUR:**

_____
**PETRA JIMENEZ MAES, Justice**


_____
**EDWARD L. CHÁVEZ, Justice**


_____
**BARBARA J. Vigil, Justice**


_____
**JUDITH K. NAKAMURA, Justice**

12