| ARELLANO V. N.M. DEPARTMENT OF HEALTH |
|---|

This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**VANGIE ARELLANO,**
**Plaintiff-Appellant,**
**v.**
**NEW MEXICO DEPARTMENT OF HEALTH and NEW MEXICO STATE PERSONNEL BOARD,**
**Defendants-Appellees.**

Docket No. A-1-CA-37428
COURT OF APPEALS OF NEW MEXICO
May 31, 2019

APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY, Abigail Aragon, District Judge

**COUNSEL**

The Herrera Firm, P.C., Samuel M. Herrera, Taos, NM for Appellant

Frank D. Weissbarth, Santa Fe, NM for Appellee New Mexico Department of Health

Long, Komer & Associates, P.A., Nancy R. Long, Jonas M. Nahoum, Santa Fe, NM for Appellee New Mexico State Personnel Board.

**JUDGES**

J. MILES HANISEE, Judge. WE CONCUR: LINDA M. VANZI, Judge, KRISTINA BOGARDUS, Judge

**AUTHOR:** J. MILES HANISEE

**MEMORANDUM OPINION**

**HANISEE, Judge.**

{1}     Plaintiff has appealed from an order denying her various motions to set aside a decision by an administrative law judge. We previously issued a notice of proposed summary disposition in which we proposed to affirm. Defendant has filed a

memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

**{2}** The relevant background has previously been set forth. [DS 2-14] We will avoid undue reiteration here, and instead focus on the content of the memorandum in opposition.

**{3}** Plaintiff continues to assert that the district court erred in rejecting her claim that the fifteen-month delay [DS 5] between the filing of her administrative appeal following her termination and the tribunal's hearing constituted a violation of her due process rights and entitled her to a default judgment. [DS 14-15; MIO 1-9] We remain unpersuaded.

**{4}** As we previously observed, [CN 3] and as Plaintiff acknowledges, [MIO 4] not all delays constitute due process violations. *See Hanson v. Turney*, 2004-NMCA-069, ¶¶ 26-27, 136 N.M. 1, 94 P.3d 1 (rejecting the argument that adjudicative delays categorically violate due process and/or entitle claimants to relief). Although in a proper case, a sufficiently lengthy delay or a delay resulting in actual prejudice might violate due process, we remain unpersuaded that either of those circumstances are presented here. The delay in this case is far less egregious than the delay addressed in *Hanson*, and Plaintiff has identified no prejudice, apart from the fact of the delay itself. [MIO 6-8] Succinctly stated, the circumstances presented in this case do not support a claim of entitlement to relief. *See id.*; *cf. Larsen v. Farmington Mun. Sch.*, 2010-NMCA-094, ¶¶ 10-12, 148 N.M. 926, 242 P.3d 493 (rejecting a claim that a five-year delay between the plaintiff's discharge and the hearing on his grievance denied him due process and entitled him to damages, where the plaintiff did not contend that he suffered any particularlized prejudice from the delay). The various out-of-state authorities cited by Plaintiff [MIO 2-9] do not persuade us that a different result is warranted.

**{5}** In closing, Plaintiff mentions her "alternate" arguments, relating to the circumstances under which her motion for default judgment was denied by the administrative law judge. [MIO 9] In the notice of proposed summary disposition, [CN 4] we indicated that we understood these matters to be predicated upon Plaintiff's larger due process argument, identified as the "general issue" in her docketing statement, [DS 15] concerning the effect of the administrative delay. The memorandum in opposition fails to explain how any of her sub-arguments could be said to present viable issues, given our determination that the principle argument lacks merit. *See generally* Rule 12-210(D)(2) NMRA (providing that a memorandum in opposition should set forth reasons why the proposed disposition should or should not be made); *State v. Sisneros*, 1982-NMSC-068, ¶ 7, 98 N.M. 201, 647 P.2d 403 (explaining that a party opposing a proposed summary disposition must specifically point out errors in fact and law). Under the circumstances, we conclude that further analysis is not warranted. *See generally Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 (noting that New Mexico courts "will not review unclear arguments, or guess at what [litigants'] arguments might be").

**{6}** Accordingly, for the reasons stated above and in the notice of proposed summary disposition, we affirm.

**{7}  IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**LINDA M. VANZI, Judge**

**KRISTINA BOGARDUS, Judge**